# Connellsville Gas Coal Company *v.* Baltimore & Ohio Railroad Company, Appellant.

*Railroads—Eminent domain—Statute of limitations—Ejectment.*

A railroad company which has taken land for its right of way, without compensating the owner, cannot acquire title thereto by adverse possession. The owner may maintain an action of ejectment for the land, but an execution under the judgment recovered in such action, may be stayed by the court for a short period to enable the railroad company to proceed under the statute for the condemnation of the land.

Submitted Oct. 13, 1906.   Appeal, No. 28, Jan. T., 1906, by defendant, from judgment of C. P. Fayette Co., March T., 1905, No. 247, on verdict for plaintiff in case of Connellsville Gas Coal Company v. Baltimore & Ohio Railroad Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ.   Affirmed.

Ejectment for land in Dunbar township.   Before REPPERT, P. J.

At the trial the court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff.

*Error assigned* was in giving binding instructions for plaintiff.

*Thomas H. Hudson, James R. Cray* and *D. W. McDonald,* for appellant.—The statute of limitations cannot be suspended in particular cases, while allowed to remain in force generally: Holden v. James, 11 Mass. 396 ; Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S. 150 (17 Sup. Ct. Repr. 255) ; Yick Wo v. Hopkins, 118 U. S. 356 (6 Sup. Ct. Repr. 1064) ; Broadfoot v. Fayetteville, 121 N. C. 418 (28 S. E. Repr. 515).

A railroad company may acquire title to land by adverse possession for the full period prescribed by the statute of limitations in the same manner as an individual : Lehigh Valley R. R. Co. v. McFarlan, 43 N. J. L. 605 ; Penna. R. R. Co. v. Thompson, 45 N. J. Eq. 870 (19 Atl. Repr. 622) ; Baldwin v. Calkins, 10 Wendell, 166.

*John C. Uhle* and *Edward Campbell*, for appellee.—No title was acquired by adverse possession : Wheeling, etc., Ry. Co. v. Cleland, 37 Legal Int. 466 ; Western Penna. R. R. Co. v. Johnston, 59 Pa. 290 ; McClinton v. Pittsburg, etc., Ry. Co., 66 Pa. 404.

OPINION BY MR. JUSTICE BROWN, January 7, 1907 :

In 1882, the Ohio and Baltimore Short Line Railway Company, with the consent of the appellee, the owner of the three tracts of land in controversy, entered upon them and constructed a railroad over them.   In the construction of this railroad and in making the improvements necessary in connection with the same the railway company expended large sums of money, and it and the Baltimore and Ohio Railroad Company, the appellent, its lessee, have, from the time the lands were so occupied for railroad purposes up to the institution of this suit, in January, 1905, been in the exclusive and undisputed possession of them.   As this possession has been exclusive and is claimed by the appellant to have been adverse for more than twenty-one years, its contention is that the statute of limitations of March 26, 1785, 2 Sm. L. 299, is a bar to the plaintiff's right to recover.

That the statute of limitations is not a bar to the right of the plaintiff to be compensated for the taking of its lands by the railway company having the right of eminent domain, is not an open question with us, and the learned trial judge correctly so held in directing a verdict for the appellee, on which judgment was entered " with stay of execution thereon for ninety days to enable the railroad company to proceed under the statute and procure the condemnation of land, etc."   The Ohio and Baltimore Short Line Railway Company having entered upon the lands of the appellee for the purpose of constructing its road upon them, neither it nor its lessee can set up an adverse holding, either under the statute of limitations or as a prescriptive easement, in bar of the right of the appellee to receive compensation for whatever damages it may have sustained : Wheeling, Pittsburg and Baltimore Ry. Co. v. Cleland, 37 Legal Int. 466 ; Covert v. Pittsburg and Western Railway Co., 204 Pa. 341 ; Carter v. Ridge Turnpike Co., 208 Pa. 565.   The uncontradicted testimony is that the appellee

has not been compensated for the taking of its lands, but, having permitted the railway company to enter upon them in advance of the ascertainment of damages and make large expenditures upon them in the construction and operation of its railroad, it would be inequitable to now permit them to be taken from the appellant, unless it should refuse to proceed in the statutory way to have the damages ascertained. This action of ejectment, equitable in its character, was properly brought for the purpose of quickening the appellant to the performance of its duty to take proper steps to ascertain what compensation ought to be paid to the appellee : Oliver et al. v. Pittsburg, V. & C. Ry. Co., 131 Pa. 408. The effect of the judgment below is to permit the appellant to retain possession of the lands upon making proper compensation for whatever damages may have been sustained by the appellee, and it is, therefore, affirmed.