# Chambersburg Shoe Mfg. Co., Appellant, v. Cumberland Valley Railroad Co.

*Streets—Public highways—Real estate—Streets upon plotted plan—Rights of abutting lot owners—Dedication of streets—Public use—Railroads—Eminent domain—Easements—Laches—Costs.*

1. When the owner of land has sub-divided it into a plan of lots, showing streets and alleys, there is an implied covenant to dedicate such streets and alleys to the use of purchasers of lots, and incidentally to the use of the public. The public authorities are not required to adopt the streets as public highways but if they do so adopt them, they may subsequently vacate the same, and when this is done the lot owners and other interested parties stand only upon their contractual rights.

2. The easement owned over such streets and alleys by the owners of lots is a property interest, which may be the subject of a taking under the power of eminent domain. A railroad company, therefore, possessing the right of eminent domain, may after proper formalities, occupy such streets and alleys, although in so doing it must give or secure compensation to lot owners for the easement of which they are thus deprived.

3. An individual lot owner is entitled to damages in such case, whether or not his lot abuts upon the street appropriated, but the fact that it does not so abut is an important fact to be considered in the assessment of damages.

4. Where a railroad company is proceeding regularly for the purpose of appropriating a street under such circumstances, it cannot be restrained by bill in equity, at the suit of a lot owner, especially where it appears that the lot owner had stood by and allowed the railroad company to proceed with its work, and make large expendi-

tures, before taking any action. Even if the railroad company did not file a bond before beginning the work, as it should have done, it will not be restrained by bill in equity, but the lot owner will be relegated to his action at law.

Argued March 11, 1913. Appeal, No. 28, Jan. T., 1913, by plaintiff, from decree of C. P. Franklin Co., Equity Docket, Vol. 3, page 150, dismissing bill in equity in case of The Chambersburg Shoe Manufacturing Co. v. Cumberland Valley Railroad Co. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before GILLAN, P. J. The opinion of the Supreme Court states the case. The court dismissed the bill.

*Error assigned,* among others, was the decree of the court.

*Charles Walter,* of *Walter & Gillan,* with him *J. A. Strite,* for appellant.—Stewart street and Fifth avenue remained public highways notwithstanding their vacation by the municipal authorities, and as such may not be taken and appropriated by the defendant without it showing an absolute necessity so to do: Heckerman v. Hummel, 19 Pa. 64; Quicksall v. Philadelphia, 177 Pa. 301; O'Donnell v. Pittsburgh, 234 Pa. 401; Garvey v. Harbison-Walker Refractories Co., 213 Pa. 177; Wickham v. Twaddell, 25 Pa. Superior Ct. 188; Morrow v. Highland Grove Traction Co., 219 Pa. 619; Southwestern State Normal School's Case, 213 Pa. 244; Com. v. Pittsburgh & Connellsville R. R. Co., 24 Pa. 159; Lilly v. Pittsburgh, Virginia & Charleston Ry. Co., 213 Pa. 247; Phillips & St. Clair Incline Plane Co., 153 Pa. 230; Bell v. Ohio & Pennsylvania R. R. Co., 25 Pa. 161; Allegheny v. Ohio & Pennsylvania R. R. Co., 26 Pa. 355.

Stewart street and Fifth avenue are established ways within the meaning of Section 12 of the Act of Febru-

ary 19, 1849, P. L. 83: Stewart's Purdon, Vol. 4, page 3821; Ambler's App., 2 Walker 287; Chester City v. Baltimore & Philadelphia R. R. Co., 140 Pa. 275; Packer v. Sunbury & Erie R. R. Co., 19 Pa. 211; Com. v. Pittsburgh & Connellsville R. R. Co., 24 Pa. 159.

The plaintiff was not guilty of laches and in any event the bill should have been held until the defendant gave security as required by law: Garvey v. Harbison-Walker Refractories Co., 213 Pa. 177; McConahy v. Western Allegheny R. R. Co., 31 Pa. Superior Ct. 215; Minig v. R. R. Co., 11 W. N. C., 297; Com. v. Pittsburgh & Connellsville R. R. Co., 24 Pa. 159.

*Walter K. Sharpe* and *O. C. Bowers,* with them *Irvin C. Elder,* for appellee.

Opinion by Mr. Justice Elkin, May 5, 1913:

This bill was filed to restrain the railroad company from closing and obstructing Fifth avenue and Stewart street in the Borough of Chambersburg. These streets were originally dedicated to public use by the private owner of a plan of lots laid out as an addition to the borough. The lots were sold to individual purchasers according to the plan upon which the above-named streets were plotted. Subsequently the borough authorities accepted the streets thus dedicated and maintained them as public highways for a number of years. They were so used and maintained until July 17, 1911, when they were vacated by ordinance duly passed and approved. When vacated they ceased to exist as public streets in the sense that the borough authorities were charged with their maintenance or had any duty to perform in the supervision and control of them. After being vacated these streets were in no proper legal sense public thoroughfares. In so stating we are not unmindful of the numerous decisions of this court in which it has been held that a sale of lots according to a plan which shows them to be on a street implies a grant or

covenant to the purchasers that the street shall remain open for the use of the lot owners, and operates as a dedication of the street to public use. In such a case this court has said that the right passing to a purchaser is not that he alone may use the street, but that all persons may use it: Quicksall v. Philadelphia, 177 Pa. 301. When streets have been thus dedicated and lots have been sold according to the plan, it is not within the power of the grantor or anyone else to revoke the dedication without the consent of all lot owners who purchased under an implied covenant that the streets shall remain open for the use of the lot owners and of the public as a means of access to their properties. Questions relating to the effect of such a dedication, and the rights of lot owners as well as the public under it, are very fully discussed in Quicksall v. Philadelphia, 177 Pa. 301; In re Melon Street, 182 Pa. 397; O'Donnell v. Pittsburgh, 234 Pa. 401. But all the cases recognize a clear distinction between the public right of passage over dedicated streets and the individual right of property involved in such dedication. The public may accept or reject the easement tendered by the owner of the plan of lots, or having accepted may renounce the public right by a vacating ordinance, but no act of the public authorities can operate to divest the property rights of the lot owners resulting as a legal consequence from the implied covenants under which they purchased. The principles which govern such transactions are very clearly stated by Judge PORTER of the Superior Court in Carroll v. Asbury, 28 Pa. Superior Ct. 354. The rights of lot owners in such a case are founded in the contract of the parties and do not depend upon the acts of public authorities. While all this is true it does not follow that the proprietor of a plan of lots can by covenants in deeds to grantees create a public highway within the meaning of the law. It requires much more than an implied covenant in a deed from a private owner of land to create a public thor-

juries were suffered. The land of appellant did not abut on the vacated streets and this is an important fact to be considered in the assessment of damages, but our cases hold that the purchasers of lots from the proprietor of a plan upon which streets are plotted, acquire an easement in all the streets of the plan, and that this easement is appurtenant to the land of every lot owner. Such damages must be proved by positive testimony. The damages must be real and substantial, not speculative, fanciful and remote. These questions are only incidentally involved in this proceeding and we do not deem it necessary to discuss them at length. From what has been hereinbefore stated it will be seen that the claim of appellant must be treated on the basis of an owner of property subject to condemnation under the right of eminent domain. This has a bearing on the question of laches upon which the learned court below based its decree. When a land owner stands by and sees a railroad company take possession of part of his land which had already been appropriated under proper resolutions as a right of way, and make large expenditures of money in constructing thereupon its roadbed before filing a bond, he will not be permitted to enjoin the construction of the line but will be relegated to his appropriate remedies at law: Oliver v. Railway Co., 131 Pa. 408; Connellsville Gas Coal Co. v. Railroad Co., 216 Pa. 309. We think this rule applies to the present case although the railroad company when this proceeding was instituted had not filed a bond as it should have done before beginning work on the ground. No point was made of this in the court below and we only mention it now because in our opinion it is a fact to be considered in the disposition of the costs. Under all the circumstances of the case it is but fair and reasonable that the costs up to the present time should be equally divided between the parties and it will be so decreed.

Decree affirmed. Costs to be equally divided between the parties.