# Nelis *v.* Redevelopment Authority of Allegheny County.

534

Argued October 21, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS. Judge MANDERINO did not participate in the decision.

*Harvey E. Robins*, with him *Brennan and Brennan*, for appellant.

*Sylvan Libson*, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, February 28, 1972:

Charles F. Nelis, appellant, owned a certain parcel of commercial property in the Borough of East Pitts-

burgh on which was located a building containing a hotel, restaurant and bar. The building was totally destroyed by fire in March 1967. Prior to the fire, the property with its improvements had been included in a comprehensive urban redevelopment plan, possibly as early as 1951, but formal condemnation proceedings as to individual properties in the area were not commenced until late 1966. A declaration of taking by the Redevelopment Authority of Allegheny County (Authority) as to the Nelis property was filed on June 26, 1967, some three months after the fire.

After a Board of Viewers had awarded Nelis compensation for the value of the now-vacant land only, he appealed to the Court of Common Pleas of Allegheny County alleging that he was aggrieved by the failure of the viewers' award to include the value of the structure destroyed by fire prior to the filing of the declaration of taking.

At trial, Nelis offered to prove by his own testimony certain actions and activities on the part of the Authority with respect to his property prior to the formal condemnation date on June 26, 1967 which he contends would support a *de facto* condemnation at some prior unspecified date. He also offered to prove by witnesses a pre-fire valuation of his property interest. The lower court excluded such evidence ruling that the value on the date of the filing of the declaration was the only valuation that could properly be considered by the jury and that it was not within the province of the jury to determine the legality of the taking. Having so ruled, and there being no dispute as to the value of the land alone, a directed verdict was entered in favor of Nelis in the same amount as contained in the viewers' award. Nelis then filed a motion for new trial assigning the trial judge's rulings as error. The motion was denied and this appeal taken.

The ultimate question before this Court concerns the correctness of the trial judge's ruling in limiting valuation evidence to the time of formal "taking."

We believe that the trial judge has interpreted Section 402(a) of the Eminent Domain Code, Act of June 22, 1964, P. L. 84, Art. IV, §402(a), 26 P.S. §1-402(a), too literally in excluding Nelis' evidence for the reason stated. He ruled that the date of filing a declaration of taking is the *only* date which may be considered in determining the value of the property taken where a formal declaration of taking has been filed.

"By the clear wording of the Code, a condemnation is effected only by a filing of the Declaration of taking and, in all cases, the date of condemnation is the date of filing."

Section 502(e) provides: "If there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) of this section setting forth such injury." 26 P.S. §1-502(e).

The lower court would appear to require a property owner to pursue his remedy under Section 502(e) before the filing of a declaration of taking by condemnor under Section 402 or be thereafter precluded from presenting evidence of a *de facto* taking.

In our opinion Section 502(e) is not the only procedure available by which a property owner may raise the issue of a *de facto* taking and offer proof in support thereof.

This brings us to the narrow question of whether Nelis, under the circumstances here present, attempted to raise this issue too late. We have pointed to the availability of Section 502(e) *before* formal condemnation. *After* a formal declaration, a condemnee may file preliminary objections within thirty days under Section

406(a): "Within thirty days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking. The court upon cause shown may extend the time for filing preliminary objections. Preliminary objections shall be limited to and shall be the exclusive method of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking. Failure to raise these matters by preliminary objections shall constitute a waiver thereof." 26 P.S. §1-406(a).

Nelis did not file preliminary objections to the declaration of taking. Thereafter a Board of Viewers was appointed and after hearing made its award as aforesaid. Nelis then timely filed an appeal to court under Section 516, which appeal included an objection that the viewers awarded damages as to the value of the land only and excluded evidence of the property value ". . . as unaffected by the condemnation of the same. . . ." Such appeals under Section 516 may include "[o]bjections, if any, to the viewers' report, other than to the amount of the award." 26 P.S. §1-516(a)(4). For the purpose of this appeal, we shall assume that this objection raised the issue of a *de facto* taking having occurred prior to the filing of a formal declaration.

Must a property owner, not having exercised his right to assert a *de facto* taking under Section 502(e) prior to formal condemnation, assert such a taking by way of preliminary objection to a declaration of taking under Section 406(a) on penalty of waiver, or is his right to later raise this issue preserved to him under Section 516(a)?

We conclude that the issue of a *de facto* taking having occurred prior to the filing of a declaration of tak-

ing, if not previously raised under Section 502(e), must be raised by preliminary objection to the declaration, and failure to do so constitutes a waiver to thereafter raise the issue. We shall, therefore, affirm the lower court for the reasons herein set forth.

Section 406(a), *supra*, explicitly declares that preliminary objections to a declaration of taking shall be *the exclusive method* of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated, (2) the declaration of taking itself, or (3) any other procedure followed by the condemnor. *Faranda Appeal*, 420 Pa. 295, 216 A. 2d 769 (1966). If upon the date of the filing of a declaration of taking the property owner is of the opinion that prior activities and actions of the condemnor constitute a *de facto* taking, a condemnation as a matter of law has already occurred. In such an event, the condemnor's attempted exercise of that power by the filing of a declaration of taking is in issue, an issue which in our opinion goes to the very heart of its power or right to condemn by formal condemnation proceedings. It is precisely the type of issue which the Legislature intended to be preliminarily determined by the court, with evidentiary support if necessary, before the matter proceeded to the amount of just compensation and the property interests entitled thereto.

We need not here decide the scope of the subject matter of objections to the viewers' report ". . .other than to the amount of the award . . ." as provided for in Section 516(a). Suffice it to say that such objections do not include the same subject matter as that directed to be raised by preliminary objections to a declaration of taking. To conclude otherwise would render meaningless the explicit language of Section 406 that preliminary objections shall be the exclusive meth-

od of challenging such matters and failure to do so shall constitute a waiver.

Nelis, having failed to raise by way of preliminary objections an alleged *de facto* condemnation by reason of the actions and activities of the Authority before it filed its formal declaration of taking, has waived his right to do so and cannot assert it by way of objection to the viewers' report.

Order affirmed.

---

CONCURRING OPINION BY JUDGE ROGERS:

I concur in the result reached by the court and in the lucid opinion of President Judge BOWMAN stating: (1) pursuant to Section 502(e) of the Eminent Domain Code, Act of June 22, 1964, P. L. 84, as amended, 26 P.S. §1-502(e), the condemnee might have filed a petition for the appointment of viewers before the declaration of taking was filed; and (2) by failing to file preliminary objections pursuant to Section 406 of the Code the condemnee waived his right to assert that the condemnation took place at a time other than on the date of the filing of the declaration of taking. I am unable to agree, however, with the majority's statement that where there has been a *de facto* taking ". . . the condemnor's attempted exercise of that power by the filing of a declaration of taking is in issue, an issue . . . which goes to the very heart of its power or right to condemn by formal condemnation proceedings."

So long as all engineers, surveyors, project managers and lawyers are capable of error and some inclined to sloth, entities clothed with the power of eminent domain will occasionally appropriate property before complying with legal requirements. I find nothing in the Eminent Domain Code which prohibits the filing of a declaration of taking where this happens. The law prior to the enactment of the Code clearly per-

540

mitted condemnors to take formal action to condemn following a *de facto* taking. It not only recognized the power of condemnors to institute legally proper proceedings, it devised the remedy of so-called conditional ejectment for the purpose of affording an opportunity to do so. *Oliver v. Pittsburgh V. & C. Railway Co.*, 131 Pa. 408, 19 A. 47 (1890); *Connellsville Gas Coal Co. v. Baltimore and Ohio R.R.*, 216 Pa. 309, 65 A. 669 (1907). In many projects the acquisition by exact description of land upon which public improvements are to be erected is a prerequisite to financing. The majority's dictum casts doubt upon the condemnor's power after a *de facto* taking by mistake, premature action, or even with consent of the owner to make its ownership regular and established upon the public records.

Rather, I would declare that an objection in this case would have been properly directed to the "procedure followed by the condemnor." Section 406(a)(3) of the Eminent Domain Code, 26 P.S. §1-406(a)(3). Section 402(a) of the Code, 26 P.S. §1-402(a), provides that condemnation shall be effected only by the filing in court of a declaration of taking. Therefore, an appropriation before such filing is a failure to comply with the required procedure for condemnation.