36 Pa. Commonwealth Ct. 1 (1978)
In the Matter of: Condemnation of Rights of Way and Easements Situate in the Township of North Huntingdon and the Township of Hempfield, County of Westmoreland, Commonwealth of Pennsylvania, by the North Huntingdon Township Municipal Authority for Sewerage Purposes. John E. Milas and Veronica L. Milas, Appellants.
No. 1880 C.D. 1976.
Commonwealth Court of Pennsylvania.
Argued May 6, 1977.
June 7, 1978.
*2 Argued May 6, 1977, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three. Reargued May 2, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DiSALLE.
David M. Priselac, for appellants.
Donald J. Snyder, Jr., with him Costello & Berk, for appellee.
OPINION BY JUDGE ROGERS, June 7, 1978:
John and Veronica Milas (condemnees) have appealed from an order of the Westmoreland County Court of Common Pleas dismissing their preliminary objections to a declaration of taking filed by the North Huntingdon Township Municipal Authority (Authority). The condemnees argue that the court below erred in dismissing their preliminary objections without first having conducted an evidentiary hearing.
*3 The Authority filed a declaration of taking pursuant to Section 402 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, as amended, 26 P.S. § 1-402, for a right-of-way or easement 30 feet in width during construction and 20 feet in width thereafter to lay, maintain, operate and remove a single line of sewer pipe across the condemnees' property. Pursuant to Section 403(a) of the Eminent Domain Code, 26 P.S. § 1-403(a), the Authority filed an open-end bond with its declaration of taking. The condemnees filed preliminary objections to the declaration of taking pursuant to Section 406 of the Emient Domain Code, 26 P.S. § 1-406, as follows:
1. Condemnees object to the sufficiency of the security as the same is inadequate, insufficient and valueless.
2. Condemnees object to the declaration of taking as to the nature of the title acquired and the description of the property condemned as the same is not that averred but in fact is the entire interest of the condemnees.
The court below, sitting en banc, dismissed the preliminary objections without a hearing.
Sections 403(c) and 406(a) (2) of the Eminent Domain Code, 26 P.S. §§ 1-403(c), 1-406(a) (2), provide that a challenge to the sufficiency of the security is properly made by filing preliminary objections to the declaration of taking. Section 406(e) of the Eminent Domain Code, 26 P.S. § 1-406(e) states that when an issue of fact is raised in the preliminary objections, the court shall take evidence by depositions or otherwise. In Golden Dawn Shops, Inc. v. Philadelphia Redevelopment Authority, 3 Pa. Commonwealth Ct. 314, 282 A.2d 395 (1971), this Court, following Faris Appeal, 435 Pa. 55, 254 A.2d 653 (1969), held that when a condemnee files preliminary objections to a declaration *4 of taking challenging the sufficiency of the bond filed without surety, the court must examine the sufficiency of the bond with the aid of an adequate record. We believe that Faris Appeal, supra, and Golden Dawn Shops, Inc., supra, are controlling and we must therefore remand this case for an evidentiary hearing on the question of the sufficiency of the bond.
The condemnees' second preliminary objection is directed to the nature of the title acquired and the description of the property condemned as set forth in the declaration of taking. It alleges that the effect of the Authority's action is to take their entire property by rendering it valueless. That this is the intendment of the objection is made clear by the appellants' brief, the closing paragraph of which is as follows:
The Legislature intended to eliminate the abuse and hardship caused by the condemnation process when it enacted the present Eminent Domain Code. It entrusted to the courts the supervision of the condemnation process, to insure that a speedy determination could be made of what a condemning authority is purporting to do and what it is actually doing. In this case, the condemnees are greatly in need of judicial assistance if their allegations are true. Under the guise of condemning an easement the condemnor has totally ruined their property, is basing its estimation of just compensation on only a part of the property, and will present its case to a board of viewers in the unjustified context of a partial taking case. This Court should not allow such a subversion of the Legislative intent to reform condemnation procedure. (Emphasis in original.)
Thus, the condemnees are seeking a judicial determination of the value of their property after condemnation *5 of the easement for the sewer line. This is not a judicial function. The condemnees are entitled to the difference between the fair market value of their property before and after condemnation, both values to be fixed by a jury of view or a traverse jury on appeal; they are not entitled to a judicial declaration that their property has no value after the take.
This is not a case, as is urged by the appellants, of a preliminary objection raising a de facto taking; the condemnees have failed to describe anything done with respect to their property by the condemnor other than that it has condemned an easement which has destroyed the property's value. A de jure condemnation cannot be converted to a de facto condemnation by an averment in a preliminary objection to a declaration of taking that the effect of the de jure condemnation is to render the property valueless. The dismissal of this preliminary objection by the court below without an evidentiary hearing was therefore proper and is affirmed.
We therefore affirm the order below dismissing the condemnees' preliminary objection to the nature of the title acquired, and reverse the order with regard to bond and remand for hearing of this matter.

ORDER
AND NOW, this 7th day of June, 1978, that part of the order of the Westmoreland County Court of Common Pleas dismissing the condemnees' preliminary objections to the nature of the title acquired and the description of the property condemned as averred in the declaration of taking is hereby affirmed; that part of the order dismissing the condemnees' preliminary objections to the sufficiency of the bond is vacated and the record is remanded to that court for proceedings consistent with this opinion.
*6 CONCURRING AND DISSENTING OPINION BY JUDGE MENCER:
I concur in the vacating of that part of the order of the Court of Common Pleas of Westmoreland County that dismissed the condemnees' preliminary objections to the sufficiency of the bond, but I respectfully dissent to the affirmance of that part of the order that dismissed the condemnees' preliminary objections to the nature of the title acquired and the description of the property condemned as averred in the declaration of taking.
The majority takes the view that the condemnees' second preliminary objection does not allege a de facto taking. Whether or not we label this pleading as one alleging a de facto taking of the condemnees' entire interest in the property, in addition to the de jure taking of an easement, I find nothing in the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, as amended, 26 P.S. § 1-101 et seq., which proscribes the raising of such a question in preliminary objections. Section 406(a) of the Code, 26 P.S. § 1-406(a), provides that "[p]reliminary objections shall be limited to and shall be the exclusive method of challenging . . . (4) the declaration of taking. Failure to raise these matters by preliminary objections shall constitute a waiver thereof." (Emphasis added.) Among the requirements of a declaration of taking is "[a] statement of the nature of the title acquired, if any." Section 402(b) (6) of the Code, 26 P.S. § 1-402(b)(6). Since the condemnees are claiming that the nature of the title taken by the Authority was not an easement but a total taking, they could properly raise the question by way of preliminary objections. As we stated in Commonwealth v. Herold, 17 Pa. Commonwealth Ct. 148, 151, 330 A.2d 890, 893 (1975), where the condemnees claimed a total taking while the Commonwealth's declaration of taking *7 claimed only an easement, "any issue regarding the extent of the taking was foreclosed when condemnees failed to file preliminary objections to the Commonwealth's Declaration of Taking of a flood easement.. . ." (Emphasis, footnote omitted.) See also Nelis v. Redevelopment Authority of Allegheny County, 12 Pa. Commonwealth Ct. 338, 315 A.2d 893 (1974). I am of the opinion that Commonwealth v. Herold, supra, correctly stated the law and should be followed here.
The majority's discussion of the use of preliminary objections to raise this issue does not, in my view, fully recognize the uniqueness of such a pleading in an eminent domain case. As we stated in Jacobs v. Nether Providence Township, 6 Pa. Commonwealth Ct. 594, 598, 297 A.2d 550, 553 (1972),
[t]he role of preliminary objections to a formal declaration of taking in eminent domain cases as prescribed by Section 406 of the Eminent Domain Code, 26 P.S. § 1-406, and as construed by the Supreme Court and this Court is not precisely that of preliminary objections as prescribed by the Pennsylvania Rules of Civil Procedure in actions covered by those rules. In eminent domain cases, they serve a somewhat broader purpose and are intended as a procedure to resolve expeditiously threshold legal issues without awaiting further proceedings before viewers and possibly a jury trial on appeal from a viewer's report. (Emphasis added.)
Thus, while Section 406 is entitled "Preliminary objections", this label may be misleading. See Statutory Construction Act of 1972, 1 Pa. C.S. § 1924 (headings may be used in aid of construction but are not controlling).
If the condemnees' allegation that their entire interest in the property has been taken is correct, the consequences of the majority's holding is that, while *8 they could be awarded the full fair market value of the property, they would still have the bare legal title and the accompanying obligations of a property owner, e.g., potential tax obligations and duties as to invitees, licensees, and trespassers. To avoid such a result, I am of the view that, if the landowner objects to the declaration of taking, the lower court should decide preliminarily as a matter of law whether the proposed taking so clearly renders the property valueless that it would be unrealistic for the case to proceed any further as merely the taking of an easement.
Therefore, I would also remand this case for a hearing on the nature of the title acquired and the description of the property condemned as averred in the declaration of taking.