Condemnation of Premises 130 Court Street, in the City of Reading, Berks County, Pa., by the Redevelopment Authority of the City of Reading for Urban Redevelopment Purposes. Musa J. Eways, Owner, or reputed owner, or whoever the owner may be. Musa J. Eways, Appellant.

Argued June 8, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Clifford B. LePage,* with him *C. Wilson Austin,* and *Austin, Speicher, Boland, Connor & Giorgi,* for appellant.

*Alan I. Baskin,* with him *Michael J. Capobianco,* for appellee.

OPINION BY JUDGE WILKINSON, JR., July 5, 1978:

This is an appeal from a decision of the Court of Common Pleas of Berks County which dismissed the preliminary objections raised by the appellant to the declaration of taking filed by the appellee. We affirm.

The appellant is the owner of certain premises located at 130 Court Street in the City of Reading. The appellee is the Redevelopment Authority of the City

of Reading, which filed a declaration of taking for the land in question on December 22, 1975. Appellant then promptly filed a number of preliminary objections to the declaration of taking, but at argument before the trial court relied upon an issue which had not been raised by way of preliminary objection. The contention put forth by the appellant before the trial court was that the area in question had been certified as blighted by the Reading Planning Commission, when in fact any certification should have been made by the Berks County Planning Commission. The trial court concluded that failure to raise this issue by way of preliminary objection constituted a waiver, and further that even if the issue had been properly raised appellant would not have prevailed.

On appeal to this Court appellant has similarly raised issues which he did not put forth by way of preliminary objection. Appellant contends that there is nothing in the record to show that a certification of blight was ever made by any planning commission, and that even if such a certification was rendered, too long a time elapsed between the date it was rendered and the date on which the declaration of taking was filed. Appellant also renews his contention that any certification of blight should have been rendered by the Berks County Planning Commission and not by the Reading Planning Commission.

Section 406 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-406, specifies the issues which may be raised by way of preliminary objection in any eminent domain proceeding, and further provides that failure to so raise those issues constitutes a waiver thereof. The issues which appellant seeks to put forth here may be considered as relating to the power or right of the appellee to have instituted these condemnation proceedings, and they would have been cognizable un-

der Section 406 of the Code, *supra*. Conceding this much, however, means only that appellant should have raised these arguments by way of preliminary objections. Having failed to do so, appellant must be held to have waived his right to raise these contentions. See *Nelis v. Redevelopment Authority of Allegheny County*, 12 Pa. Commonwealth Ct. 338, 315 A.2d 893 (1974).

Appellant does state in his preliminary objections that the premises in question are not in fact blighted. This is an issue that is properly raised by way of paragraph three of the preliminary objections. *Simco Stores v. Redevelopment Authority*, 455 Pa. 438, 317 A.2d 610 (1974). Appellant has not, however, presented any substantial evidence in support of this claim, and we will therefore not disturb the conclusion that the area in question is blighted. Moreover, we note that a planning commission and a redevelopment authority are presumed to have performed their duties in good faith, and the appellant's burden of proving fraud or abuse of discretion is a heavy one. *Simco Stores, supra.*

Accordingly, we will enter the following

ORDER

AND Now, July 5, 1978, the decision of the Court of Common Pleas of Berks County, at No. 216 January Term, 1976, dated July 5, 1977, is affirmed.