Pete Vercheak, an individual, doing business as Pete's Texaco Station *v.* Redevelopment Authority of the County of Washington. Pete Vercheak, Appellant.

Argued May 11, 1979, before Judges BLATT, DI-SALLE and MACPHAIL, sitting as a panel of three.

*Daniel J. Beggy,* with him *Peter J. Mansmann,* and *Mansmann, Beggy & Campbell,* for appellant.

*Frank A. Conte,* for appellee.

Opinion by Judge MacPhail, July 27, 1979:

This is an appeal from an order of the Court of Common Pleas of Washington County, denying the petition of Pete Vercheak (Appellant) for appointment of a Board of Viewers for an alleged de facto taking of his property.

Appellant was a service station operator on a parcel of land owned by the Guttman Realty Company (Guttman), and located in the Borough of Donora, Washington County. Guttman leased the property to Appellant on a year to year basis from 1954 until the Redevelopment Authority of the County of Washington (Authority) condemned it in 1977. During the entire term of the lease between Appellant and Guttman, Guttman supplied Appellant with gasoline and other products which Appellant sold under the name of "Pete's Texaco Station."

On March 28, 1977, Appellant was given written notice of the intention of the Authority to acquire the land owned by Guttman and under lease to Appellant. Appellant never joined that proceeding. On April 6, 1977, the Authority filed a Declaration of Taking. The Authority's estimate of damage was paid to Guttman on May 12, 1977. On October 28, 1977, an agreement between the Authority and Guttman to settle condemnation was filed. Payment in full was made by the Authority to Guttman on February 9, 1978.

On June 1, 1977, the Authority entered into a month to month lease with the Appellant and notice of termination of that lease was given to Appellant on July 25, 1977.

On July 21, 1978, Appellant filed a petition for the appointment of a Board of Viewers. The Authority filed preliminary objections, whereupon the lower court, on the basis of a stipulation of counsel concerning material facts, ruled that although Appellant was

under a franchise agreement with Guttman pursuant to the terms of the "so-called" Gasoline, Petroleum Products and Motor Vehicle Accessories Act (Act), Act of November 26, 1975, P.L. 454, 73 P.S. §202-1 et seq., Appellant lost his franchise rights under that agreement when Guttman lost its right to grant possession of the premises.[1] Thereafter, according to the trial court, Appellant's rights extended no further than a tenant in possession of a condemned premises. The trial court concluded that there was no de facto taking and dismissed the petition for the appointment of a Board of Viewers.

Appellant argues here as he did to the trial court that by virtue of his status as a "franchisee", his franchise could only be terminated for cause under the Act, and that since his property interest as a franchisee was extinguished by the condemnation, he is somehow entitled to damages under the provisions of the Eminent Domain Code (Code), Act of June 22, 1964, P.L. 84, *as amended,* 26 P.S. §1-101 et seq. The Authority contends that since a Declaration of Taking was filed for the subject property, there can be no de facto taking and that neither the lease agreement entered into between Appellant and the Authority nor the provisions of the Act gave any rights to Appellant against the Authority.

It is our opinion that Appellant's appeal here must be denied on several grounds. In *Nelis v. Redevelopment Authority of Allegheny County,* 4 Pa. Commonwealth Ct. 533, 287 A.2d 880 (1972) and *Nelis v. Redevelopment Authority of Allegheny County,* 12 Pa. Commonwealth Ct. 338, 315 A.2d 893 (1974), our Court held that the filing of a formal Declaration of Taking precludes the subsequent filing of a petition for the

---

[1] Section 3 of the Act, 73 P.S. §202-3(b)(4).

appointment of viewers alleging a de facto taking under Section 502(e) of the Code, 26 P.S. §1-502. Moreover, Section 507(a) of the Code, 26 P.S. §1-507(a) provides that

> [t]he claims of all the owners of the condemned property, including joint tenants, tenants in common, life tenants, remaindermen, owners of easements, or ground rents, and all others having an interest in the property, and the claims of all tenants, if any, of the property, shall be heard or tried together and the award of the viewers or the verdict on appeal from the viewers shall first fix the total amount of damages for the property, and second, apportion the total amount of damages between or among the several claimants entitled thereto.

Whatever Appellant's interest in the condemned property was on April 6, 1977, having previously received notice of the condemnation proceedings, Appellant was required to join in that proceeding to carry out the mandate of Section 507 of the Code. *Porter v. Commonwealth,* 419 Pa. 596, 215 A.2d 646 (1966).

Finally, we agree with the trial court that whatever Appellant's rights may have been with respect to Guttman, under the provisions of the Act the condemnation of the property by the Authority extinguished those rights, and this is particularly true under the circumstances of this case where the Appellant entered into a new lease agreement with the Authority following condemnation. Under such circumstances, the Authority was not subject to the provisions of the Act and the Appellant was limited to such damages as he may have been entitled to receive under the provisions of Section 507 of the Code in the condemnation proceeding against Guttman.

Order affirmed.

### ORDER

AND Now, this 27th day of July, 1979, the order of the Court of Common Pleas of Washington County dated October 11, 1978 is hereby affirmed.