## In re Powell

*Edward F. Murphy,* for condemnor.
*Stanton C. Kelton, III, John J. Collins* and *Frank A. Mayer, III,* for condemnees.

BECKERT, *P.J.,* March 5, 1980—These various eminent domain proceedings have been consolidated for the limited purpose of our ruling upon the condemnees' outstanding preliminary objections to amended declarations of taking which have been filed by the condemnor, Newtown, Bucks County, Joint Municipal Authority. We will first address the arguments in common by all of the condemnees, and then deal with certain specific additional objections which have been raised in certain cases, but not in others.

The principal objection which has been raised is that the October 26, 1978 meeting at which the Authority adopted the resolution to condemn the subject properties was not advertised as required by the Open Meeting Law of July 19, 1974, P.L. 486, 65 P.S. §261 et seq., with the effect that the declarations of taking subsequently filed were never properly authorized in accordance with law. The Authority does not contest the fact that its October 26, 1978 meeting was not advertised. In order to cure that technical defect, the Authority held another

meeting on March 13, 1979, at which time it adopted a resolution authorizing the amended declarations of taking which were subsequently filed in each of the above actions. The condemnees apparently concede that the March 1979 meeting was duly advertised. However, they dispute the right of the condemnor to proceed by way of amended declarations of taking, and instead assert that the only course of action available to the condemnor would have been to institute new court actions.

We need not address the question of whether the condemnor's October 1978 meeting complied sufficiently with the Open Meeting Law, inasmuch as we believe that any defect which might have existed in that regard was cured by the filing of the properly authorized amended declarations of taking. Obviously, in reaching this conclusion we rejected the condemnees' assertion that such amendment was unauthorized.

We agree with the condemnees that the Rules of Civil Procedure do not apply in condemnation cases: Appeal of Edgewood Building Co., Inc., 43 Pa. Commonwealth Ct. 91, 402 A. 2d 276 (1979); Biernacki v. Redevelopment Authority of The City of Wilkes-Barre, 32 Pa. Commonwealth Ct. 537, 379 A. 2d 1366 (1977). We would further agree that there is no express provision in the Eminent Domain Code of June 22, 1964, P.L. (Sp. Sess.) 84, 26 P.S. §1-101 et seq., authorizing an amendment as of course to a declaration of taking previously filed. However, section 406 of the Code, 26 P.S. §1-406, in subsection (e), provides as follows:

"(e) The court shall determine promptly all preliminary objections and make such preliminary and final orders and decrees as justice shall require, including the revesting of title. If prelimi-

nary objections are finally sustained, which have the effect of finally terminating the condemnation, the condemnee shall be entitled to damages as if the condemnation had been revoked under section 408, to be assessed as therein provided. If an issue of fact is raised, the court shall take evidence by depositions or otherwise. *The court may allow amendment or direct the filing of a more specific declaration of taking.*" (Emphasis supplied.)

Finding no other reference in the Eminent Domain Code to a condemnor's right to amend its declaration, we feel that the ends of justice can best be served by liberally construing the right of amendment so as to allow the condemnor to amend on its own volition, rather than requiring as a prerequisite the formal permission of the court. Amendment of a declaration of taking is allowable for the purpose of correcting errors or omissions in the original declaration filed: Chester County Water Resources Authority v. O'Brien, 17 Chester 193 (1969). For example, amendment of the declaration of taking to conform to the statute governing the manner of captioning required in such a proceeding has been held proper, on the theory that procedural defects should not defeat a condemnation: Upper Dublin Township Authority v. Piszek, 85 Montg. 197 (1965), affirmed 420 Pa. 536, 118 A. 2d 328 (1966). Under the circumstances, for us to determine that new, independent proceedings must be instituted instead of simply and expeditiously allowing the filing of an amendment, would operate to encourage a multiplicity of lawsuits, with resultant additional delay and inconvenience to the parties.

Section 406 of the Eminent Domain Code, supra, provides in part that: "Preliminary objections shall be limited to and shall be the exclusive method of

challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking." Within those confines, we will now consider the remaining objections which have been raised.

Condemnees Mershon et al. have argued that the condemnor failed to comply with section 408 of the Code, 26 P.S. §1-408, which pertains to revocation of condemnation proceedings. They apparently take the position that revocation of the within proceedings would be necessary if this court were to order the filing of a new action, rather than allowing amendment as heretofore discussed. Since that underlying premise has already been rejected, we find no merit in this objection, and dismiss it summarily.

There is presently no factual record upon which we can determine whether certain other objections going to the sufficiency of the condemnor's bond have merit. Similarly, we have insufficient information to rule upon other objections going to the condemnor's alleged failures to file an environmental impact statement and to comply with various requirements of the Pennsylvania Sewage Facilities Act, the Clean Stream Act, and Article I, §26, of the Pennsylvania Constitutiton. We will defer any final ruling on all of those objections until such time as depositions have been taken or an evidentiary hearing held: Matter of North Huntingdon Township, 36 Pa. Commonwealth Ct. 1, 387 A. 2d 183 (1978); Reilly v. Com., 21 Pa. Commonwealth Ct. 611, 346 A. 2d 918 (1975). We grant this indulgence only because we understand from counsel that the principal reason these cases were

42

submitted to us for joint disposition was to expedite resolution of the question concerning the propriety of the condemnor's amendment, since that issue could have been controlling in disposing of these actions if we had reached a contrary decision.

The remaining objections raised either lack merit or have been abandoned (inasmuch as the present record is sufficient to allow us to rule on them now) and we accordingly dismiss them: Matter of North Huntingdon Township, supra.

### ORDER

And now, March 5, 1980, defendants' preliminary objections to plaintiff's amended declarations of taking filed in the above-captioned cases are hereby dismissed and denied.