In re CONDEMNATION BY the REDEVELOPMENT AUTHORITY OF the CITY OF LANCASTER OF REAL ESTATE IN the CITY OF LANCASTER, Pennsylvania, Being the Property of William H. McMichael, III.

Appeal of William H. McMICHAEL, III, Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1996.

Decided Sept. 30, 1996.

---

Jeffrey D. Mohler, for Appellant.

Elizabeth A. Hambrick–Stowe, for Appellee.

Before SMITH and FLAHERTY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

William H. McMichael, III (Condemnee) appeals from the order of the Court of Common Pleas of Lancaster County that overruled his amended preliminary objections to the declaration of taking filed by the Redevelopment Authority of the City of Lancaster (Authority) of property owned by Condemnee. We affirm.

In 1978, Condemnee purchased an 18th century log home at 22 Reedy Lane in Lancaster (property). At that time, the property was occupied by tenants but was not connected to the Lancaster City public water and sewer system. Condemnee requested the City connect his property to the line; however, the City informed him that only if his property was brought up to Code that it might run lines to the property.

In June 1986, the Bureau of Housing and Structural Inspections cited condemnee's property for multiple violations. Again in May 1991, the property was again cited for numerous violations of the City Housing Code, virtually identical to those in the 1986 notice. On July 2, 1991, the City condemned the property as unfit for human habitation.

On May 16, 1994, the City issued a notice of blight pursuant to its Ordinance No. 14 and the Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. §§ 1701–1719.1. The notice directed Condemnee to pursue remediation and advised him that if he wished to contest the notice, a

written appeal must be filed with the Housing Code Board of Appeals within thirty days, together with a payment of a fee of $25.00. Condemnee filed no appeal.

■ Condemnee attended the June 9, 1994 meeting of the Lancaster Property Reinvestment Board [1] at which time the blighted condition was discussed. Action on the property was tabled until the July 14, 1994 meeting. Condemnee was told that he should be prepared to come to the next meeting with a plan for remediating the blighted condition and the required security deposit. Condemnee was advised he could receive assistance from the Secretary of the Reinvestment Board to prepare such plan; however, at the July 14, 1994 meeting, Condemnee submitted nothing. The Reinvestment Board then certified the property as blighted and forwarded its determination to the Lancaster City Planning Commission (Commission) for action. The Commission enacted its resolution, certifying the property as blighted on July 20, 1994, and authorized the Authority to take action to acquire the property. The Authority began its eminent domain proceedings at No. 4969–1994 filing a declaration of taking. Condemnee then filed preliminary objections with the trial court.[2] Condemnee also filed an appeal to the trial court, No. 3697–1994, from the notice of blight.[3] Following a hearing on June 5, 1995, the trial court overruled Condemnee's preliminary objections to the declaration of taking. Condemnee now appeals to this court.[4]

■ Condemnee first argues that the trial court erred as a matter of law in overruling his preliminary objections because his attempted appeal *from the certification of blight* should have prevented the Authority

from condemning his property. The trial court held that there is only an appeal from the notice of blight and not from the later certification of blight under both Ordinance No. 14 and the Urban Redevelopment Law. We agree.

Section 1712.1(e) of the Urban Redevelopment Law establishes the procedure to acquire blighted properties by condemnation in the following manner: 1) A blighted property review committee determines that the property is blighted, within the definition of the statute Section 1712.1; 2) notice is given to the property owner of the determination of blight, together with an order to eliminate the blight, and notice of the owner's right to appeal in the manner provided for appeal from an order for the abatement of nuisance; 3) if no timely appeal is taken, the property is certified to the redevelopment authority by the blighted property review committee and the local planning commission.

Both the Lancaster City Ordinance No. 14 which tracks Section 1712.1(e) of the Law and the statute distinguishes the initial notice of blight, which is made appealable for thirty days and subsequent certification of blight which is not appealable.

In *Matter of Condemnation by Urban Redevelopment Authority of Pittsburgh; E–V Co.*, 527 Pa. 550, 594 A.2d 1375 (1991), the Supreme Court approved our holding that "certification of blight is not an adjudication under Section 553 of the Local Agency Law." *Id.* 594 A.2d at 1378. The rationale for this conclusion is that certification is a "preliminary or advisory matter" and "is merely an internal finding that certain physical conditions exist as defined by the Urban Redevelopment Law...." *In Re: City of Scranton,*

---

1. The Lancaster Property Reinvestment Board serves as the blighted property review committee for the Authority.

2. The preliminary objections were later amended.

3. The trial court held that No. 3697–1994 failed to satisfy the 30–day requirement for filing an appeal from Ordinance No. 14 as well as holding that the appeal should have been filed with the

Housing Code Board of Appeals and not with the court. (Trial court opinion at 3, n. 3.)

4. This court's scope of review of a trial court's order overruling condemnees' preliminary objections is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Olson v. Whitpain Township,* 141 Pa.Cmwlth. 270, 595 A.2d 706 (1991).

132 Pa.Cmwlth. 175, 572 A.2d 250, 253 (1990). While *City of Scranton* and *E–V Co.* both involved Section 1710 of the Law, the legal principle is the same, i.e., that no rights of the property owner at the time of the certification of blight are affected. The property may ultimately be not condemned by an authority and, in fact, here, Condemnee avoided condemnation of one of his properties by razing the blighted structure and also appealed from the original notice of blight for other properties he owned.

Further, in *City of Scranton*, we held Local Agency Law does not apply to certifications of blight, because the Eminent Domain Code provides the exclusive method to challenge the propriety of the condemnation. The Eminent Domain Code [5] does not require prior notice or hearing to the property owner, as is obvious when power of eminent domain can be exercised de facto, as well as de jure. Thus, we hold that the trial court did not err in holding that Condemnee's appeal of the certification of blight was improper.

 Condemnee also asserts that he was entitled to a period of one year to eliminate the blight under Ordinance No. 14. The trial court found that Condemnee did not meet the necessary requirements which would allow him one year to eliminate the blight and we agree.

That one-year period applies only to an owner who undertakes to eradicate the blight by acquiring a building permit, providing a rehabilitation plan to complete the work within the twelve-month period and posting a cash deposit. All the steps must be taken within thirty days, Condemnee took none of these, and thus, this option did not exist for Condemnee here.

Finally, Condemnee asserts that the Authority acted in bad faith throughout the condemnation proceedings. The trial court did not so find and again, we must agree.

 The law presumes that public officials perform their duties in good faith. *Marino v. Zoning Hearing Board of Harrison Township*, 1 Pa.Cmwlth. 116, 274 A.2d 221 (1971). It is a condemnee's burden to show bad faith and this cannot be done merely by bald assertions. Bad faith must be described by clear averments of fact in the pleadings and proved by clear, precise and indubitable evidence. *In Re: Condemnation of Premises 130 Court Street*, 36 Pa.Cmwlth. 394, 388 A.2d 1108 (1978). Condemnee did not meet this burden. Therefore, we hold that the trial court correctly overruled the preliminary objections.

Accordingly, we affirm.

### ORDER

AND NOW, this 30th day of September, 1996, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is hereby affirmed.

---

5. Act of June 22, 1964, P.L. 84, *as amended,* 26 P.S. §§ 1–101–1–903.