IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin S. Kanofsky,                          :
                        Appellant           :
                                            :
            v.                              :
                                            :
City of Bethlehem                           :     No. 1503 C.D. 2016
                                            :     Submitted: February 10, 2017


BEFORE:     HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                 FILED: May 17, 2017


            Alvin S. Kanofsky (Kanofsky) appeals pro se from the Northampton
County Common Pleas Court's (trial court) August 30, 2016 order granting the City
of Bethlehem's (City) Motion to Quash and Dismiss Kanofsky's Appeal (Motion)
and quashing and dismissing with prejudice Kanofsky's appeal.  The sole issue
before this Court is whether the trial court properly quashed and dismissed with
prejudice Kanofsky's appeal.[1]  After review, we affirm.

            Kanofsky owns property at 30 East Third Street, Bethlehem,
Pennsylvania (Property).  On May 15, 2015, the City served upon Kanofsky a blight
notice and an order to eliminate the blight-causing conditions for the Property.  In
response, Kanofsky requested a full hearing before the Blighted Property Review

_____

            [1] Kanofsky's "QUESTIONS ASKED" listed in his brief includes eight questions, all of which
appear to present issues with regard to the underlying merits of the case.  Kanofsky Br. at 3.
However, since Kanofsky is appealing from the order dismissing his appeal, that is the only issue
properly before the Court.

Committee (BPRC), which was held on July 14, 2015. On July 28, 2015, the BPRC determined that the Property was blighted. Kanofsky appealed from the BPRC's decision to the trial court. On March 15, 2016, following a non-jury trial at which Kanofsky failed to appear, the trial court declared that the Property was blighted. **Kanofsky did not appeal from the trial court's order**.

On April 14, 2016, the City's Planning Commission certified to the Redevelopment Authority that the Property was blighted. On April 19, 2016, the BPRC certified to the Redevelopment Authority that the Property was blighted. On April 20, 2016, the BPRC notified Kanofsky of the blight certification. On May 19, 2016, Kanofsky appealed from the certification to the trial court. On June 8, 2016, the City filed its Motion. On August 30, 2016, the trial court heard oral argument, granted the City's Motion, and quashed and dismissed with prejudice Kanofsky's appeal. Kanofsky appealed to this Court.[2]

Section 12.1(e) of the Urban Redevelopment Law (Law)[3] provides:

The [BPRC] and the appropriate planning commission, upon making a determination that any property is blighted within the terms of this section, must certify said blighted property to the Redevelopment Authority, except that:

(1) No property shall be certified to the Redevelopment Authority unless it is vacant. . . .

(2) No property shall be certified to the Redevelopment Authority unless **the owner of the property** or an agent designated by him for receipt of service of notices within the municipality **has been served with notice of the determination that the property is blighted, together with an appropriate order to eliminate the conditions**

---

[2] "This Court's standard of review of the trial court's order granting a motion to quash plaintiff's appeal is limited to whether the trial court committed an error of law, an abuse of discretion, or a violation of constitutional rights." *Ray v. Brookville Area Sch. Dist.,* 19 A.3d 29, 31 n.3 (Pa. Cmwlth. 2011).

[3] Act of May 24, 1945, P.L. 991, *as amended,* added by Section 2 of the Act of June 23, 1978, P.L. 556, 35 P.S. § 1712.1(e).

**causing the blight** and notification that failure to do so may render the property subject to condemnation under [the Law]. The notice shall be served upon the owner or his agent in accord with the provisions of a local ordinance pertaining to service of notice of determination of a public nuisance. **The owner** or his agent **shall have the right of appeal from the determination** in the same manner as an appeal from the determination of public nuisance.

(3) **No blighted property shall be certified to the Redevelopment Authority until the time period for appeal has expired and no appeal has been taken**, or, if taken, the appeal has been disposed of, and the owner or his agent has failed to comply with the order of the responsible department or other officer or agency.

35 P.S. § 1712.1(e) (emphasis added). Similarly, Article 149.04(a) of the City Ordinances states:

The [BPRC] and the Planning Commission, upon making a determination that any property is 'blighted'. . . , must certify said blighted property to the Redevelopment Authority, except that:

(1) No property shall be certified to the Redevelopment Authority unless it is vacant.

(2) No property shall be certified to the Redevelopment Authority unless **the owner of the property** or an agent designated by him for receipt of service of notices within the municipality **has been served with notice of the determination that the property is blighted, together with an appropriate order to eliminate the conditions causing the blight** and notification that failure to do so may render the property subject to condemnation under this ordinance. The notice shall be served upon the owner or his agent in accordance with the provisions of this ordinance. **The owner** or his agent **shall have the right of appeal from the determination** in the same manner as an appeal from the determination of public nuisance.

(3) **No blighted property shall be certified to the Redevelopment Authority until the time period for appeal has expired and no appeal has been taken**, or, if taken, the appeal has been disposed of, and the owner or his

agent has failed to comply with the order of the responsible department or other officer or agency.

Supplemental Reproduced Record (S.R.R.) at 24 (emphasis added). Article 149.06 of the City Ordinances establishes the procedural requirements. With respect to the BPRC hearing and appeals therefrom, the relevant provisions include:

(b) Hearing.

(1) The owner or his agent ha[s] the right to a full hearing before the [BPRC]. . . .

(2) The owner or his agent have the opportunity to present all relevant evidence, to present witnesses, to cross-examine any witnesses, to be represented by counsel, and to receive a written opinion from the [BPRC] as to their findings and basis of decision within forty-five (45) days of the hearing date.

(c) Appeals.

(1) The owner or his agent shall have the right of appeal from the determination of the [BPRC] to the [trial court]. . . .

(2) The owner or his agent will be given thirty (30) days from the date of receipt of the within opinion to file a written appeal with the [trial court].

S.R.R. at 26. Articles 149.04(a) and 149.06 of the City's Ordinances track Section 12.1(e) of the Law. "Both [Article 149 of the City's Ordinances] and [Section 12.1(e) of the Law] distinguish[] the initial notice of blight, which is made appealable for thirty days, [from the] **subsequent certification of blight which is not appealable**." *In re Condemnation by the Redevelopment Auth. of the City of Lancaster,* 682 A.2d 1369, 1371 (Pa. Cmwlth. 1996) (emphasis added).

Here, it is uncontested that Kanofsky received the notice of blight and an order to eliminate the blight-causing conditions. Further, Kanofsky appealed to the BPRC and received a full hearing. Thereafter, Kanofsky appealed from the BPRC's

4

decision to the trial court, which also concluded that the Property was blighted. Because the time period for appeal had expired and Kanofsky did not appeal from the trial court's order, the BPRC's blight certification to the Redevelopment Authority was proper, 35 P.S. § 1712.1(e), and is not appealable. *In re Condemnation by the Redevelopment Auth. of the City of Lancaster.* Accordingly, the trial court properly granted the City's Motion and quashed and dismissed with prejudice Kanofsky's appeal.

For the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin S. Kanofsky,             :

          Appellant       :

                              :

          v.                 :

                              :

City of Bethlehem         :     No. 1503 C.D. 2016

                              :

## O R D E R

AND NOW, this 17th day of May, 2017, the Northampton County Common Pleas Court's August 30, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge