**Condemnation in Pittsburgh Fourth Ward**

*George R. Specter, H. Warren Rogot, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for General State Authority.

*John B. Nicklas, Jr.* and *Alfred C. Maiello,* for Thomas A. and Dorothy M. Scott.

*Norman P. Wolken,* for Civic Center Motor Hotel, Inc.

FINKELHOR, J., September 25, 1972.—The instant proceedings came before this court on a petition for a rule to show cause why a writ of possession should not issue filed by the General State Authority, the condemnor, and a petition by Thomas A. Scott and Dorothy M. Scott, owners of the land and Thomas A. Scott, subtenant, requesting distribution of funds representing estimated just compensation in the amount of $750,000 paid into court by order of Judge Sylvestri, dated July 20, 1972. A petition for payment of the mortgage on the building has also been filed.

While, in the interest of expediency, this court has considered both the petition for a writ of possession and the petitions for distribution in the same proceedings, there are two separate matters pending before this court governed by separate sections of the Eminent Domain Code.

The facts in this case, as set forth in the briefs and the hearing, appear briefly to be as follows:

1. A declaration of taking was filed by the General State Authority (GSA) February 18, 1972, to condemn property known and numbered as 3914-18 Forbes Avenue for the purposes of constructing two buildings for the University of Pittsburgh and specifically for the Law School of said university.

2. Paragraph 9 of said declaration of taking listed persons known to the authority as having an interest in the property as follows: Thomas A. Scott, fee-owner

and subtenant; Civic Center Motor Hotel, Inc., lessee and sublessor.

3. Petitioner Scott alleges that the fee is owned by Thomas A. Scott and Dorothy M. Scott, his wife.

4. Preliminary objections to the declaration of taking were not filed by the above-named parties or any other party.

5. The land in question was leased by Thomas A. Scott and Dorothy Scott, his wife, to the Park Schenley Motor Hotel Inc., now known as Civic Center Motor Hotel, Ltd. (motel), for a term of 99 years commencing on the first day of January 1958, and ending the thirty-first day of December 2057, at a stated rental recorded in D.B.U. 3626, page 440, and pursuant to this lease, dated November 13, 1957, a five-story motor hotel was constructed by the lessee on the property.

6. By a second lease, dated November 12, 1957, motel leased back to Thomas A. Scott, a restaurant storeroom located on the ground floor of the motel building at one dollar per year.

7. The General State Authority has alleged that the interest of Thomas A. Scott, as owner of the land, and Thomas A. Scott, subtenant, are commingled, under the above leases, and that a separate appraisal cannot be made on these interests.

8. On September 16, 1971, approximately five months prior to the declaration of taking, H. Warren Ragot, Assistant General Counsel of GSA, sent a letter to Norman Paul Wolken, Esq., attorney for motel, estimating the total value of the premises at $750,000 and appraising the land at $300,000, and the building owned by Civic Center Motel at $450,000. Said letter has been attached to the petition of Scott and not denied by GSA.

9. On July 20, 1972, a petition to pay damages into court was filed by GSA in the amount of $750,000 and

a preliminary report, prepared by the title company was attached listing Thomas A. Scott as owner of the fee, motel as lessee and owner of the building, and including the various liens outstanding on the property. No schedule of distribution of said compensation was included to allocate the damages between the owner of the fee and the leaseholder. Pursuant to this petition, the above-mentioned order of Judge Sylvestri was issued.

10. On or about August 7, 1972, pursuant to section 522 of the code, a petition for distribution was filed by Thomas A. Scott and Dorothy Scott, owners, and Thomas A. Scott, subtenant, for distribution of their interest of the funds deposited into court and allocated in accordance with paragraph 9 above.

11. A petition for a board of view was filed by GSA August 11, 1972.

12. The rule for a writ of possession was filed by GSA returnable August 11, 1972, and objections to this rule were filed by both Civic Center and Scott. In addition to the petition for distribution of funds filed by Scott, a petition was filed by David Rothbart and Harold Chernuff, trustees, and Civic Center for the payment of the mortgage on the building.

13. At the hearing on the rule for possession on August 11, 1972, representatives of the University of Pittsburgh School of Law testified to the urgent and immediate needs of said school for the proposed new facilities, including possible loss of accreditation by the law school. It was further stated that a contract had already been let by GSA and the university for the demolition of the existing structure and bids for a second contract relating to the foundation of the new structure will expire by the end of September. It was alleged by university officials that further delay in pro-

ceeding with the new structure will result in the addition of substantial costs to the total project.

14. On August 31, 1972, this court issued an order, without opinion, to require the General State Authority to file a schedule of distribution of just compensation pursuant to sections 407 and 522 of the Eminent Domain Code of June 22, 1964, P. L. 84, as amended, and to further provide the delivery of possession on or before September 26, 1972.

15. On September 1, 1972, said schedule of distribution was filed by GSA and amended September 7, 1972, to allocate $535,000 to the motel, subject to liens, and $215,000 to Thomas A. Scott and Dorothy Scott, his wife, including the interest of Thomas A. Scott, subtenant, again subject to all liens on their interests.

16. Exceptions were filed by the Scotts to this schedule of distribution.

In order to expedite these proceedings, a second order was issued by the court on September 11, 1972, to establish a date of possession and the instant opinion is in support of said order.

Exceptions were filed to this order by both Scott and motel and the distribution to Union Guaranty Company was stayed pending hearing on the exceptions. Said hearing was held September 22, 1972.

It is, and has been, the contention of GSA first, that the condemnor has an immediate right to possession upon the deposit of estimated compensation into court; second, that a separate appraisal of said estimated compensation is not required for each separate interest to acquire possession; and third, that an appraisal cannot be made between the interests of Scott, the subtenant, and Scott, or Scott and his wife, the owner of the fee.

It is the contention of Scott that a writ of possession under section 407 is conditioned upon the offer of esti-

mated just compensation to each individual condemnee; second, that the allocation of just compensation between Scott and motel must be governed by the condemnor's letter of September 16, 1971, which allocated $300,000 of the total estimated compensation for the interests of Scott; third, that the interest of Thomas A. Scott and Dorothy Scott, owners of the fee, must be appraised separately from Thomas Scott, subtenant, and that until such separate appraisal is made, the requirements of section 407 have not been met and the condemnor may not take possession of the property; and, fourth, that this court has discretionary power to allocate estimated just compensation.

Motel originally protested possession without a schedule of distribution by the condemnor and opposes the position of Scott on allocation.

In view of the fact that the provisions of the Eminent Domain Code of 1964,* cited by the parties to support their positions, have not yet been ruled upon by the appellate courts, this case is a matter of first impression.

The Eminent Domain Code provides a sequence of procedures to protect both the rights of condemnor and condemnee as follows: The declaration of taking, and the passage of title on the date of said taking (section 402); preliminary objections to said declaration (section 406); and the right of the condemnor to possession by the payment to the condemnee or into court of estimated just compensation (section 407); and section 522, the distribution of said compensation.

Section 407, 26 PS §1-407, of the code which governs the right of the condemnor to possession, provides as follows:

---

* Act of June 22, 1964, P. L. 84, as amended, 26 PS §1-101, et seq.

"(a) The condemnor, after the expiration of the time for filing preliminary objections by the condemnee to the declaration of taking, shall be entitled to possession or right of entry *upon payment* of, or a *written offer to pay* to the condemnee, the amount of *just compensation as estimated by the condemnor*. If a condemnee thereafter refuses to deliver possession or permit right of entry, the prothonotary upon praecipe of the condemnor shall issue a rule, returnable in five days after service upon the condemnee, to show cause why a writ of possession should not issue, upon which the court, unless preliminary objections warranting delay are pending, may issue a writ of possession *conditioned upon payment to the condemnee or into court of such estimated just compensation and on such other terms as the court may direct.*" (Italics supplied.)

". . .

"(c) The compensation paid under subsections (a) and (b) of this section shall be without prejudice to the rights of either the condemnor or the condemnee to proceed to a final determination of the just compensation and the payments heretofore made shall be considered only as payments pro tanto of the just compensation as finally determined. *However, in no event shall the condemnee be compelled to pay back to the condemnor the compensation paid under subsections (a) and /or (b), even if the amount of just compensation as finally determined shall be less than the compensation so paid.*" (Italics supplied.)

The Eminent Domain Code of 1964 changed the existing case law to provide for payment to the condemnee prior to the final resolution of damages. As quoted by Snitzer, Pennsylvania Eminent Domain, at page 160, the explanatory comments are as follows:

"This section *changes* existing law which generally does not require any payment by the condemnor until

final award or judgment and which generally entitles the condemnor to possession upon the filing of security. The purpose of this Section is to prevent hardship which occurs in many cases when the condemnor takes possession and the condemnee, who is not satisfied with the offer of the condemnor, must give up possession and relocate elsewhere."

In the event of disputed claims by the condemnees, section 522 of the Eminent Domain Code provides for payment of the estimated just compensation, set forth in section 407, in the following manner:

"Upon refusal to accept payment of the damages, or of the estimated just compensation under section 407, or if the party entitled thereto cannot be found, or if for any other reason the same cannot be paid to the party entitled thereto, the court upon petition of the condemnor *which shall include a schedule of proposed distribution,* may direct payment thereof and costs into court or as the court may direct in full satisfaction thereof. (Italics supplied.)

" . . .

"The court thereafter upon petition of any party in interest shall distribute such funds or any funds deposited in court under section 407 to the persons entitled thereto in accordance with the procedure in section 521."

Therefore, based upon the facts of this case, the court must decide: (1) whether the condemnor is entitled to possession of the premises under section 407, and (2) whether distribution may be made of funds in the amount of $750,000 presently deposited into court, and, the allocation of said distribution under sections 521-22 of the code.

Sections 407 and 522 of the code, read together, require the payment of or the written offer to pay estimated compensation to the condemnee prior to

possession. Section 522 provides that where compensation is not accepted or cannot be made, payment may be made by the condemnor into court and includes a schedule of distribution to be filed by the condemnor.

The act does not provide for distribution prior to possession but only that an offer be made and if not accepted the moneys paid into court with said proposed schedule of distribution.

While the language of section 407 fails to state the nature of the "offer" where multiple interests exist, the combined language of the above sections supports the position of the condemnees. Thus, where there are multiple and *clearly determined* separate interests in the property, an "offer to pay" should be based on said interests. Otherwise, the legislative intent to alleviate the "hardship" to the condemnee, set forth in the commentaries to section 407, would be circumvented: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551; Commonwealth ex rel. Jones v. Jones, 216 Pa. Superior Ct. 1 (1969). Further, the requirement for a "schedule of distribution" to be filed by the condemnor reinforces this interpretation.

While it is true that the condemnor becomes subject to the provisions of section 407(c) and may not recover overpayment to the condemnee, this possible hazard does not relieve the condemnor of his duty to make "an offer" to meet the requirements for possession.

The only evidence of an offer by the condemnor in these proceedings is the letter of September 16, 1971, addressed to motel. There is no similar letter to Scott. However, the condemnor has now filed a schedule of distribution, allowing the funds between Scott and motel, and has stated on the record a willingness to distribute the funds pursuant to said schedule. There-

fore, there has been compliance with the "offer to pay" requirements of section 407.

Moreover, the fact that such allocation does not follow the same percentages as set forth in the letter sent by GSA to motel prior to the declaration of taking, is an issue of proper damages and does not govern the right of possession.

In addition, in the schedule of distribution, noted above, the condemnor allocated $215,000 of the total estimate to Thomas A. Scott and Dorothy Scott, his wife, and alleged that the interest of Thomas A. Scott, as fee owner and prime lessor, and Thomas A. Scott, as sublessee, were both included in this allocation.

Paragraph 9 of the declaration of taking filed by the condemnor February 2, 1972, also merged these two interests of Scott. The preliminary report of the title company attached to the schedule of distribution by GSA places the fee to land in Thomas Scott alone. If these designations of the Scott interests were in error and the fee owned by the husband and wife as "tenants by the entireties," preliminary objections should have been filed by the condemnee Scott within 30 days of the notice of the declaration of taking: Faranda Appeal (Certain Parcels of Land in First Ward of City of Lancaster), 420 Pa. 295, 216 A. 2d 769.

This court is not ruling that Scott may not continue to argue separate damages for his separate interests but only that the offer of the condemnor to pay a sum certain, based on both interests, meets the requirements of an "offer to pay" as set forth in section 407. Therefore, the condemnor is entitled to possession.

The second issue in these proceedings is the distribution of the funds, in the amount of $750,000 presently deposited into court, and the allocation of said distribution under sections 521 and 522 of the code.

While the code does not require said distribution to be made *prior* to possession, the condemnor has offered and agreed to the distribution of such funds, pursuant to its schedule of distribution or the order of the court issued September 11, 1972.

Pursuant to section 522 of the code, this court has discretion to disburse estimates of just compensation pending a determination of who is entitled to the various portions thereof, when it is clear that first, a hardship will result from a failure to disburse and second, where the *minimum* due one party is clear: Central Bucks School District v. Property in Warwick Township, 45 D. & C. 2d 135.

In the instant proceeding, there is no dispute that the minimum estimated just compensation established for motel is $450,000 either by the September 1971 letter of GSA or the subsequent schedule of distribution filed with this court.

Without such funds, motel will be unable to relocate and, in addition, will be forced to continue to pay interest on the outstanding mortgage, which will further reduce the amount of "real" damages.

The distribution of $450,000 to motel and the placing of $85,000 in escrow not only cannot affect the rights of Scott, but the escrow account will protect Scott against any possible future rights vis-á-vis motel.

In the same manner, and for the same reasons, Scott is entitled to the distribution of the minimum amount of just compensation allocated to him in the amount of $215,000, unless there is some showing that Scott is not the owner of both interests.

This court cannot force a party to accept distribution. If the two interests of Scott are in conflict and Scott, the owner of the fee, cannot agree with Scott, the subtenant, on division of these funds, the minimum

estimated just compensation to Scott will remain in an interest bearing escrow account pending the resolution of the two Scott interests. However, any delay in the distribution of estimated compensation to Scott will not affect the right of GSA to possession or motel to distribution of estimated minimum compensation.

In summary, section 407 of the code provides for possession by the condemnor upon a written offer to pay the condemnee the amount of just compensation as *estimated by the condemnor.*

Such estimates have now been made, including the required schedule of distribution under section 522, and an offer to distribute prior to possession has been made by the condemnor to alleviate immediate hardship to the condemnees. Conversely, the condemnor and the University of Pittsburgh will be subject to serious hardship if possession is delayed.

Assuming that the court can review the schedule of distribution, and there is some question, In re United States, 257 F. 2d 844 (1958), no rights of the condemnees will be lost by granting possession to the condemnor and assigning the case for argument at the next argument list on the power of the court to review said schedule, filed by the condemnor, and including the failure of GSA to separate the interest of Scott, owner in fee, from Scott, subtenant, and the alleged changes in allocation of compensation between Scott and motel.

Based upon the foregoing opinion, possession will be granted to the condemnor and distribution made pursuant to the court order of September 11th, as amended.

Exceptions filed by condemnees, Thomas A. Scott and motel, to the writ of possession are hereby denied.

Exceptions to the schedule of distribution will be preserved for argument before the court en banc.

Exceptions to the court's order of September 11, 1972, are hereby denied.

## ORDER OF COURT

And now, to wit, September 11, 1972, upon the consideration of the petition of the General State Authority of the Commonwealth of Pennsylvania, the condemnor, for possession of the premises located at 3914-3918 Forbes Avenue, and the proposed schedule of distribution of just compensation filed by the condemnor, September 7, 1972, and the exceptions filed thereto, by Thomas A. Scott and Dorothy Scott, his wife, it is hereby ordered, adjudged, and decreed as follows:

1. The sum of $750,000, representing the General State Authority's estimated just compensation in the within cause, which funds are now on deposit with the prothonotary of this court, by the order of this court, dated July 20, 1972, shall be distributed as follows:

(a) $215,000 to Thomas A. Scott and Dorothy Scott, his wife, owners of the fee and Thomas A. Scott, subtenant, subject to the payment of all liens of any nature whatsoever against said interest.

(b) $450,000 to the Civic Center Motor Hotel Company, Ltd., owner of the building, subject to the payment of all liens of any nature whatsoever against said interest.

(c) The remaining $85,000 allocated by the condemnor, the General State Authority to the Civic Center Motor Company, Ltd., shall be held in an interest bearing account by the prothonotary of this court, pending a determination of the exceptions on said allocations filed by Thomas A. Scott and Dorothy Scott on the distribution of just compensation, filed by the General State Authority.

2. The schedule of distribution set forth in paragraph 1, is issued without prejudice to the exceptions

filed by Thomas A. Scott and Dorothy Scott, his wife, owners of the fee, and Thomas A. Scott, subtenant for a separate appraisal of these interests.

3. Upon the separate petition of the above mentioned parties, this court will direct the prothonotary to pay the amount allocated to such party set forth in paragraph 1 above to the Union Guaranty Company, 210 Grant Street, Pittsburgh, Pa. 15219, for distribution in accordance with section 521 of the Eminent Domain Code.

4. That said schedule of distribution as set forth in paragraph 1 above, shall be solely for the purposes of providing relief to the condemnees as set forth in section 407 of the Eminent Domain Code, and shall not be determinative of the percentage of distribution of final damages as among Thomas A. Scott and Dorothy Scott, owners of the fee, Thomas A. Scott, subtenant and Civic Center Motor Hotel, Inc., nor any special damages not presently included in these proceedings.

5. Upon the distribution of just compensation to the condemnees, Thomas A. Scott and Dorothy Scott, his wife, and Thomas A. Scott, subtenant, and Civic Center Motor Hotel, Ltd., as set forth in this order, the rule to show cause, heretofore entered in these proceedings shall be made absolute, and possession of said premises shall be delivered to the General State Authority on or before September 26, 1972.

6. This case shall be set down on the next general argument list of this court for a determination of the exceptions by the parties to the schedule of distribution of the General State Authority.

## AMENDED ORDER OF COURT

And now, to wit, September 25, 1972, upon consideration of exceptions filed by the parties and further testimony and argument, it is ordered, adjudged, and de-

creed that the order of this court issued September 11, 1972, is hereby amended as follows:

1. Paragraph 3 of said order shall be amended to read as follows:

Upon the separate petition of the condemnees named in paragraph 1 above, this court will direct the prothonotary to pay the amount allocated to each party as set forth in said paragraph 1, to the Union Guaranty Company, 210 Grant Street, Pittsburgh, Pa. 15219, for immediate distribution in accordance with section 521 of the Eminent Domain Code.

2. All other paragraphs of said order are hereby affirmed.

3. Exceptions filed to the rule to show cause and the court's order of September 11, 1972, are hereby dismissed.