Edward C. Benek and Margaret M. Benek, Appellants *v.* Commonwealth of Pennsylvania, Pennsylvania Game Commission, Appellee.

Argued December 4, 1979, before Judges CRUMLISH, JR., MENCER, DiSALLE, CRAIG and MACPHAIL. President Judge BOWMAN and Judges WILKINSON, JR., ROGERS and BLATT did not participate.

*Lee C. McCandless,* with him *McCandless & Kriz-ner,* for appellants.

*Richard L. McCandless,* with him *Dillon, McCand-less, King & Kimper,* for appellee.

OPINION BY JUDGE MACPHAIL, January 25, 1980:

This is an appeal from an order of the Court of Common Pleas of Butler County, en banc, dismissing the exceptions of Mr. and Mrs. Edward Benek (Beneks) to the Court's non-jury verdict awarding damages to the Beneks in the sum of $25,500.00 plus reimbursement of $500.00 as a payment toward reasonable appraisal and attorney's fees in an eminent domain case.

The Beneks raised two issues in this appeal. The first concerns the allegedly fatal procedural defects employed by the Pennsylvania Game Commission (Commission) with respect to the taking and the second issue involves an alleged trial error. The case has been before us on a previous occasion. *Pennsylvania Game Commission v. Benek,* 32 Commonwealth Ct. 133, 378 A.2d 497 (1977). To borrow a phrase from the trial judge, the case had had a "checkered history."

Most of the critical facts pertaining to the procedural issue are not in dispute. On June 2, 1967, the Commission adopted a resolution condemning a fee simple interest in the subject tract. On July 13, 1967, a declaration of taking was filed in the name of the Commission, by its executive director, condemning the surface of the subject tract only. Notice of the filing of the declaration was not given to the Beneks until October 24, 1967. On November 1, 1967, the Commission filed a proof of service on the Beneks but failed to attach a copy of the notice of the declaration of taking. The Commission attempted to remedy this omission later in the proceedings and did offer the testi-

mony of an employee that she sent the notice to the Beneks and that when she sent out similar notices she always included the notice that the condemnees had thirty days to object to the declaration of taking. The Beneks maintain that they never received the notice of their right to object. The Beneks also contend that the notice to them indicated that the entire fee was being condemned.

Notwithstanding these complaints, the Beneks did nothing, whereupon the Commission filed a petition for the appointment of a Board of View (Board). The Beneks, then represented by counsel, appeared and participated in that hearing. The Board's report awarded damages to the Beneks in the amount of $28,-000.00, "which includes damages to the coal." The Beneks took an appeal from that award alleging only that the award was inadequate.

The Commission then filed a petition for a rule to show cause why a writ of possession should not issue. In answer thereto, on March 29, 1971, the Beneks raised for the first time the validity of the taking,[1] citing specifically the variance between the interest condemned in the Commission's resolution and the interest condemned in the declaration of taking.

On May 10, 1973, the trial court resolved the issue then before it on the petition and answer thereto by holding that the Beneks waived their right to object to the validity of the taking because they had failed to file preliminary objections as required by Section 406 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-406. In its order, the court also directed that the case proceed to trial on the declaration of taking as filed limited to surface rights only. Finally, the order

---

[1] The Beneks changed counsel after the proceedings before the Board of View.

stated that if the Beneks established that the taking of the surface rights rendered the coal inaccessible, the Beneks should be compensated as though the coal had been taken in fact.

When the non-jury trial began, the Beneks moved to dismiss the entire proceedings on the basis that the taking was a nullity because the Beneks didn't receive the notice required by the Code. The trial court took testimony on this issue and entered an order on August 5, 1974, again denying the Beneks' claim because it failed to raise the issue by filing preliminary objections.

The Beneks did not appeal from the order of May 10, 1973 or from the order of August 5, 1974 within thirty days as required by Pa. R.A.P. 903.

In its order of August 5, 1974, the trial court directed that the alleged non-accessibility of the minerals[2] by reason of the condemnation of the surface rights should be heard separately. In a non-jury trial on that issue, the trial court determined that there was no de facto taking of the mineral rights.

The Beneks filed a timely appeal with this Court from that adjudication and also appealed from the orders entered May 10, 1973 and August 5, 1974. Our Court confirmed the trial court's determination that there was no de facto taking of the underground materials and held that the appeal from the trial court's prior orders was either too late or too early depending upon whether those orders were interlocutory or final. *Pennsylvania Game Commission, supra.* No further appeal was taken by the Beneks with respect to that decision.

The trial court then proceeded to a non-jury trial on the issue of damages and entered its verdict. Ex-

---

[2] It has been stipulated that there are substantial quantities of underground minerals in the subject tract.

ceptions thereto were filed and denied by a court en banc. This appeal followed.

Addressing ourselves first to the validity of the taking, we must agree with the trial court that whatever defects there were, the Beneks have long since lost any rights they may have enjoyed by reason of those defects because they failed to raise them by the method and time set forth in the Code. Not only does Section 406 state that preliminary objections are the *exclusive* method of challenging the declaration of taking or the procedure followed by the condemnor, but it also provides for the very situation which arose in the instant case because authority is given to the trial court to extend the time for filing preliminary objections "upon cause shown." The least that the Beneks were required to do was file preliminary objections sometime and, if they were late, state their reasons for late filing. If those reasons established a justification for the delay, the trial court could hear them. In any event, there would have been preserved for our review the very issues that the Beneks are trying to raise in this appeal at this time. Our Court has consistently enforced the provisions of Section 406 and has held on several occasions that issues which may be raised by preliminary objection must be raised in that manner or they are waived. *Eways Appeal*, 36 Pa. Commonwealth Ct. 394, 388 A.2d 1108 (1978) and *Nelis v. Redevelopment Authority of Allegheny County*, 12 Pa. Commonwealth Ct. 338, 315 A.2d 893 (1974). The Beneks have *never* filed preliminary objections. Accordingly, there is no basis or authority for us to rule upon the various reasons now advanced by the Beneks as to why the taking was allegedly invalid. We will affirm the trial court's disposition of that issue.

The Beneks also complain that the trial court erred when it failed to allow incidential or consequential damages to their mineral rights. The issue is whether

the court considered all of the relevant testimony in determining whether the minerals were as accessible before the taking as they were afterwards. There is no doubt that there were substantial differences among the various witnesses who offered opinions as to damages. The Beneks' witnesses attributed their high estimate of damages to the fact that the minerals were rendered inaccessible by the take due to the possibility of the flooding of the subject tract when a dam situated nearby would overflow. The Commonwealth's witnesses based their estimates of damage on the fact that the minerals would be no more inaccessible after the take than they were before the take. Obviously, the fact finder had to resolve the conflict and did so. *Patterson v. County of Allegheny*, 15 Pa. Commonwealth Ct. 228, 325 A.2d 484 (1974).

The Beneks also argue to us that the trial judge was unduly influenced by his previous ruling that there was no de facto taking of the minerals. Our reading of the record does not lead us to that conclusion. Nor do we agree with Beneks' contention that the trial court permitted expert testimony on inconsistent theories. It is true that the different theories produced different results. However, each expert was certainly at liberty to utilize the theory which appeared to that witness most consistent with the facts. The trial court agreed with the theory of the Commission's experts. This he was free to do as the fact finder.

Finally, the Beneks complain that the trial judge erred when he excluded the Beneks proferred rebuttal testimony. We hold that the trial court did not abuse his discretion in this regard. In the first place, the witnesses were not present to testify and additionally, most, if not all, of what counsel said these witnesses would have testified to if called would simply have reiterated what had been said at the first stage of the

trial when the question of a de facto taking was litigated.

Order affirmed.

ORDER

AND Now, this 25th day of January, 1980, the order of the Butler County Court of Common Pleas dated January 26, 1979 is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.