In Re: Condemnation by the Commonwealth of Pennsylvania, Acting by and through the Department of General Services etc. Paul Moyer, Jr. and Esther S. Moyer, his wife, Appellants.

Argued September 14, 1983, before Judges WILLIAMS, JR., DOYLE and BARBIERI, sitting as a panel of three.

*David Kreider*, with him *David J. Brightbill, Siegrist, Koller, Brightbill & Long,* for appellants.

*H. Warren Ragot,* Assistant Counsel, with him *Anthony P. Krzywicki,* Chief Counsel, for appellees.

OPINION BY JUDGE DOYLE, December 12, 1983:

This is an appeal by Paul and Esther Moyer (Condemnees) from an order of the Lebanon County Court of Common Pleas which issued a Writ of Possession against their property.

On March 24, 1977 the Department of General Services[1] (Department) filed a Declaration of Taking which severed $32\frac{1}{2}$ acres of farmland from Condemnees' property to form part of the proposed Swatara Gap State Park. Condemnees' preliminary objections to the taking were dismissed by the Court of Common Pleas, whose decision was upheld on appeal.[2] In the interim, funding for the project had been depleted, and no further action could be taken until December 18, 1980, when the legislature approved additional funding.[3] After the Department secured appointment of a Board of View in August of 1981, Condemnees filed a petition which sought to have the condemnation declared abandoned and the title to the subject property returned to them. On August 4, 1982, Lebanon County

---

[1] Formerly the General State Authority.

[2] *Gross Condemnation Case,* 43 Pa. Commonwealth Ct. 562, 402 A.2d 573 (1979), *allocatur denied* September 17, 1979.

[3] Act of December 18, 1980, P.L. 1252.

Court denied Condemnees' petition and issued a Writ of Possession against their property. Condemnees appeal from this order.

Initially before this Court is the Department's motion to dismiss the appeal. This motion raises issues identical to those raised in the Department's earlier Motion to Quash, which was denied by Senior Judge PAUL S. LEHMAN of this Court on October 18, 1982.[4] We concur with Judge LEHMAN's decision in this matter, and on this basis we shall deny the present Motion to Dismiss, thus reaching the merits of the appeal.

The main issue raised on appeal is whether the delay between filing of the declaration of taking and the tender of just compensation constitutes a de facto abandonment of the condemnation by the Department. Condemnees concede that the Eminent Domain Code[5] (Code) makes no provision for an abandonment of a condemnation on the basis of delay.[6] However, they urge the Court that the finding of a de facto abandonment on the basis of the Department's 23 month delay is necessary to protect the rights of condemnees and to insure fairness in the proceedings. We do not agree.

---

[4] *Appeal of Moyer*, (No. 1995 C.D. 1982, filed October 13, 1982). In its motion to quash, the Department argued that 1) the order appealed was interlocutory; 2) further challenge to the taking was barred by res judicata since the preliminary objections had been fully and finally litigated, and 3) the issuance of the writ of possession rendered the case moot. Senior Judge LEHMAN denied the motion, concluding that the order granting the writ of possession was an appealable order and that the new issue of abandonment could not have been raised during preliminary objections.

[5] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§1-101 through 1-903.

[6] Section 410 of the Eminent Domain Code, 26 P.S. §1-410, provides that a condemnation may be abandoned, and the property reconveyed only when the condemnor "abandons the purpose for which the property has been condemned." Here it is undisputed that the Department has continued to pursue its purpose of condemnation—the development of state parkland.

A condemnee's rights against undue delay by a condemnor are well protected by Section 407 of the Code, which permits a condemnee to compel payment of estimated just compensation within sixty days of the filing of the declaration of taking.[7]

The 23 month delay in this case was not unavoidable, but rather resulted from condemnees' own decision to forgo their remedy, and instead remain in possession of the property. For three years after the Supreme Court denied allocatur on September 17, 1979, the Condemnees farmed the land taken. Condemnees' rights were thus fully protected throughout the delay and no unfairness has resulted.

A finding of abandonment on the basis of delay is neither warranted under the Code nor required to insure fairness in the proceedings. Accordingly, we reject the condemnees' claim and affirm the order of the Lebanon County Court of Common Pleas.[8]

---

[7] Section 407(b) of the Code, 26 P.S. §1-407(b), states, in pertinent part:

> If within sixty days from the filing of the declaration of taking, the condemnor has not paid just compensation as provided in subsection (a) of this section, the condemnee may tender possession or right of entry in writing and the condemnor shall thereupon make payment of the just compensation due such condemnee as estimated by the condemnor.

If condemnor refuses to make payment of just compensation, the court is authorized, upon petition, to compel such payment by court order. *Id.*

[8] Condemnees have raised an additional claim that the Department acted in bad faith when it proceeded with the condemnation without having secured adequate funding to pay just compensation. Unlike the issue of delay, this claim could have been raised before the trial court during preliminary objections. The failure to raise the claim at that time constituted a waiver of the issue, which precludes our court from considering it on appeal. Section 406(a) of the Code, 26 P.S. §1-406a, *Benek v. Pennsylvania Game Commission*, 49 Pa. Commonwealth Ct. 63, 411 A.2d 267 (1980); *Eways Appeal*, 36 Pa. Commonwealth Ct. 394, 388 A.2d 1108 (1978).

## ORDER

Now, December 12, 1983, the order of the Lebanon County Court of Common Pleas in the above referenced matter, dated August 4, 1982, is hereby affirmed.