545 A.2d 463

In Re: Condemnation of Lands and Property of William Hill. William Hill, Appellant.

Argued May 24, 1988, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Robert D. Sebastian,* with him, *Harry R. Ruprecht, King, Ruprecht & McQuoid,* for appellant.

*Frank A. Conte, Frank A. Conte, P.C.,* for appellee.

OPINION BY JUDGE PALLADINO, August 8, 1988:

William Hill (Appellant) appeals an order of the Court of Common Pleas of Washington County (trial court) dismissing his preliminary objections to a declaration of taking filed by the Redevelopment Authority of Washington County (RDA). We affirm.

On February 17, 1987, the RDA filed with the trial court a declaration of taking of Appellant's property located in the Borough of Canonsburg, Washington County. Notice of the declaration was sent to Appellant on February 19, 1987 and was received by Appellant on February 20, 1987. On July 17, 1987, Appellant filed preliminary objections to the declaration of taking, asserting that the taking was racially motivated, discriminatory, and not for a public purpose.

RDA filed an answer and new matter to the preliminary objections on August 11, 1987. Neither the answer

nor the new matter raised the issue of the timeliness of Appellant's preliminary objections. On August 17, 1987, the RDA filed a petition for a rule to show cause why the preliminary objections should not be stricken for untimeliness. The RDA alleged that Appellant failed to comply with the thirty (30) day time limitation for filing preliminary objections as required by Section 406 of the Eminent Domain Code (Code).[1] The trial court issued the rule to show cause. Although Appellant did not file a written answer to the rule, Appellant did file a brief. By order dated October 29, 1987, the trial court dismissed Appellant's preliminary objections as untimely.

On appeal to this court, Appellant asserts that the RDA waived any objection to technical defects and procedural requirements of time when it filed an answer on the merits of the preliminary objections. Thus, Appellant contends that the trial court erred in dismissing his preliminary objections without granting an evidentiary hearing or time for taking depositions. RDA argues that Appellant's failure to file a written response to the rule to show cause constitutes an admission to all of the facts contained in the petition for the rule to show cause.

In eminent domain cases, our scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Borough of Dickson City v. Malley,* 94 Pa. Commonwealth Ct. 386, 503 A.2d 1035 (1986).

We note that Section 406 of the Code provides in pertinent part:

Within thirty days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration, of tak-

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-406.

ing. The court upon cause shown may extend the time for filing preliminary objections. Preliminary objections shall be limited to and shall be the exclusive method of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking. Failure to raise these matters by preliminary objections shall constitute a waiver thereof.

26 P.S. §1-406(a). Appellant does not dispute that he did not file his preliminary objections within thirty days of service of the declaration of taking as required by this section. Notwithstanding this, Appellant argues that the RDA waived its objection to timeliness by failing to raise that issue in its answer and new matter.

We recognize that a party's failure to raise defenses and objections by preliminary objection, answer, or reply, generally constitutes a waiver of such defenses and objections. *See* Pa. R.C.P. No. 1032. However, we have also held that the Code provides the exclusive procedure by which a declaration of taking may be challenged and that the Rules of Civil Procedure are inapplicable to proceedings under the Code. *Edgewood Building Company, Inc. Appeal,* 43 Pa. Commonwealth Ct. 91, 402 A.2d 276 (1979).

Further, the language of Section 406 clearly states that the *court* may extend the time for filing preliminary objections. *Janeski v. Borough of South Williamsport,* 58 Pa. Commonwealth Ct. 369, 429 A.2d 768 (1981). In *Benek v. Pennsylvania Game Commission,* 49 Pa. Commonwealth Ct. 63, 411 A.2d 267 (1980), we determined that condemnees who file *no* preliminary objections shall be deemed to have waived any objections to a declaration of taking or to the procedure followed by the condemnor. We stated that the least the condemnees

"were required to do was file preliminary objections sometime and, if they were late, state their reasons for late filing. If those reasons established a justification for the delay, the trial court could hear them." *Id.* at 67, 411 A.2d at 269. This court has also held that where a condemnee provides no excuse for the *late* filing of preliminary objections and the condemnor is not responsible for the delay, a trial court does not abuse its discretion when it refuses to permit a late filing. *Edgewood Building.*

In this case, Appellant did not petition the trial court for permission to file preliminary objections nunc pro tunc nor did Appellant offer any justification in the preliminary objections themselves for the late filing.[2] Thus, the fact that the RDA's answer and new matter did not address timeliness is not dispositive. Therefore, we conclude that the trial court did not abuse its discretion by dismissing Appellant's preliminary objections. To hold as Appellant suggests would allow a condemnor, by failing to properly raise the thirty day filing requirement, to prevent a trial court from exercising the power expressly granted to it by the Code to extend, *or to refuse to extend,* that time limitation.

Accordingly, we affirm.

### ORDER

AND NOW, August 8, 1988, the order of the Court of Common Pleas of Washington County in the above-captioned matter is affirmed.

---

[2] Appellant alleges that he had not received a petition for appointment of viewers along with the declaration of taking nor by the time the trial court dismissed the preliminary objections. Appellant asserts that he believed that the declaration of taking related to some of his other properties also subject to eminent domain proceedings. However, Appellant does *not* contend that service of the declaration of taking was effected improperly.