## Condemnation of McCoy Property

*Walter Tilley III,* for condemnees.
*Stephen P. Linebaugh,* for condemnor.

UHLER, *J.,* May 27, 1992—This case is before the court on petitioner's motion to file preliminary objections nunc pro tunc. A hearing was held on this matter before the court on May 13, 1992.

The facts of the case disclose that on or about August 22, 1991, the Conewago Township Sewer Authority sent a notice of the declaration of taking to the petitioners, James E. and Patricia M. McCoy. Petitioners acknowledge receipt of said notice on August 23, 1991. The notice of condemnation specifically stated that if the petitioners wished to challenge "the power and right of the authority to appropriate the condemned property, etc.," preliminary objections must be filed within 30 days after having been served notice of such. Mrs. McCoy acknowledges that she failed to read the notice in its entirety

and thus, was not aware of the 30-day limitation period within which to file preliminary objections.

Nonetheless, the McCoys immediately sought legal advice and retained T. Frederick Feldmann as their counsel. Attorney Feldmann advised the McCoys that he would do whatever was necessary and appropriate to protect their interests and to prevent the authority from taking their property. Attorney Feldmann testified that he entered into negotiations with the solicitor for the authority, sought an appraisal of the property, but apparently never negotiated an extension of time in which to file the preliminary objections. In February 1992, Attorney Feldman advised the McCoys that he was a member of the Board of View, and thus, upon reflection, due to an ethical consideration, he could no longer represent them.

During the period after filing the declaration of taking, the authority proceeded to take the necessary steps to move forward with the project, including the following:

(1) Negotiation of a loan with Pennsylvania Infrastructure Investment Authority (PENNVEST) in the amount of $7 million;

(2) Receipt of a grant from PENNVEST in the amount of $500,000;

(3) Negotiation of a loan with York Bank & Trust Co. in the amount of $700,000; and

(4) Awarded two contracts for construction of the sewage treatment plant and collection system in the approximate amount of $6 million which are to date approximately 20 percent complete.

The McCoys subsequently retained their current counsel and on March 26, 1992, filed a motion to file preliminary objections nunc pro tunc. On that same day, the McCoys

also filed an action in law and equity against the Conewago Township Sewer Authority. Through that action, the McCoys requested a preliminary injunction to preclude the Conewago Township Sewer Authority from proceeding with construction on the McCoy's property.

On March 30, 1992, counsel for the condemnor and condemnee appeared before this court on the above two matters. This court entered an order denying the McCoy's preliminary injunction and directed that a hearing be held on the McCoy's request to file preliminary objections nunc pro tunc. A hearing on that matter was held May 13, 1992.

The issue presented to this court is whether the petitioners have shown sufficient cause pursuant to 26 P.S. §1-406(a), so as to extend the 30-day limitation for filing preliminary objections? We find that sufficient cause has not been shown.

Title 26 P.S. §1-406(a) reads as follows:

"(a) Within 30 days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking. The court upon cause shown may extend the time for filing preliminary objections. Preliminary objections shall be limited to and shall be the exclusive method of challenging: (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking. Failure to raise these matters by preliminary objections shall constitute a waiver thereof." 26 P.S. §1-406(a).

The Eminent Domain Code provides the exclusive procedure by which a declaration of taking may be challenged.

*Appeal of Hill,* 118 Pa. Commw. 436, 438, 545 A.2d 463, 464, *appeal denied,* 522 Pa. 615, 563 A.2d 500 (1988). Thus, the Rules of Civil Procedure are inapplicable to proceedings under the Code. *Id.; Edgewood Building Co. Inc. Appeal,* 43 Pa. Commw. 91, 402 A.2d 276 (1979). Therefore, if condemnees file no preliminary objections they shall be deemed to have waived any objections to a declaration of taking or to the procedure followed by the condemnor. *Benek v. Pennsylvania Game Commission,* 49 Pa. Commw. 63, 411 A.2d 267 (1980).

In *Benek* the petitioners failed to file any preliminary objections. Accordingly, the *Benek* court held, "whatever defects,... the Beneks have long since lost any rights they may have enjoyed by reason of those defects because they failed to raise them by the method and time set forth in the Code." *Id.* at 67, 411 A.2d at 269. The court further held, "the least that the Beneks were required to do was file preliminary objections sometime and, if they were late, state their reasons for late filing." *Id.* The *Benek* court held that if the reasons for late filing can establish a justification for the delay, a trial court may entertain the issues addressed by the preliminary objections. *Id.* However, since the Beneks completely failed to file preliminary objections, the court found that they had no basis with which to rule on the legality of the taking.

In *Appeal of Edgewood Building Co. Inc.,* 43 Pa. Commw. 91, 402 A.2d 176 (1979), petitioner requested leave to file its preliminary objections nunc pro tunc. Referencing *Smith v. PennDOT,* 25 Pa. Commw. 56, 358 A.2d 734 (1976), the *Edgewood* court held "that where

the condemnee provided no excuse for the late filing of preliminary objections and the condemnor bore no responsibility for the delay, the court's refusal to permit a late filing was not an abuse of discretion." *Id.* In *Edgewood* however, the condemnee, in fact, gave an excuse for late filing. The condemnee in *Edgewood* claimed that preliminary objections were not filed within the 30-day time limit due to inadvertence on its part in failing to inform its counsel of the date it received the declaration of taking. *Id.* The trial court ruled that such an excuse was not sufficient to "show cause," pursuant to 26 P.S. §1-406(a). Accordingly, on appeal, the Commonwealth Court upheld the lower court's decision.

In the instant case, petitioners were inadvertent in failing to read the notice of condemnation themselves. Moreover, petitioners' attorney did not file timely preliminary objections, or seek an extension of time to file the preliminary objections. At the May 13, 1992, hearing held before this court, petitioners acknowledged that the failure to file preliminary objections was not due to condemnor's actions.

We recognize the unfortunate situation in which the petitioners find themselves. However, the Eminent Domain Code is clear. It is for that reason we find the petitioner's claim of inadvertence on both their part and their attorney's, does not show sufficient cause to allow a filing of their preliminary objections nunc pro tunc.

Moreover, by analogy, an appeal nunc pro tunc may be granted only where the party making the request has shown that the delay in filing the appeal was caused by (1) extraordinary circumstances including fraud, or (2) some breakdown in the court's operation through a

default of its officers. *Weiman v. City of Philadelphia,* 129 Pa. Commw. 25, 564 A.2d 557 (1989). It has been held that mere allegations of a failure to receive notice are insufficient for allowing an appeal nunc pro tunc. *Board of Pensions & Retirement v. Jackson,* 126 Pa. Commw. 551, 560 A.2d 310 (1989). Nor, is negligence on the part of appellant's attorney a sufficient excuse for the failure to file a timely appeal. *Hentz v. Civil Service Commission,* 85 Pa. Commw. 358, 481 A.2d 998 (1984).

In the instant case, the petitioners failed to present the court with any evidence of cause precipitated by the condemnors or a breakdown in the court's process. Accordingly, we must be bound by the letter of the law as found in the Eminent Domain Code.

An appropriate order will be entered.

### ORDER

And now, May 27, 1992, the court, upon consideration of the petition and testimony offered, denies petitioner's request for leave to file preliminary objections nunc pro tunc, for the reasons set forth in the opinion attached.