IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation by the  :
Redevelopment Authority of the  :
City of Lancaster of real estate  :  No. 1324 C.D. 2023
Located at 502-506 West Walnut  :
Street in the City of Lancaster, PA  :  Argued: September 9, 2024
  :
  :
Appeal of: Koyukon, L.P.  :

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED: October 30, 2024

In this eminent domain proceeding, Koyukon, L.P. (Koyukon) appeals from the Court of Common Pleas of Lancaster County's (trial court) July 24, 2023 order granting the Redevelopment Authority of the City of Lancaster's (Authority) Preliminary Objections in the Form of a Motion to Strike Koyukon's Answer and New Matter to Petition to Pay Estimated Just Compensation Into Court (Motion to Strike). Upon review, we grant the Authority's Motion to Quash the appeal as interlocutory and remand the matter for further proceedings.

## I.  **Facts and Procedural History**

On December 27, 2022, the Authority, as condemnor, filed a Declaration of Taking (Declaration) condemning the vacant property located at 502-506 West Walnut Street, Lancaster, Pennsylvania (Property), owned by Koyukon, in accordance with Sections 9(i), 12, and 12.1 of the Urban Redevelopment Law of Pennsylvania[1]

---

[1] Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. §§ 1709(i), 1712, 1712.1.  Section 12.1 was added by the Act of June 23, 1978, P.L. 556.

(URL) and Section 302(a)(1) of the Eminent Domain Code (Code).[2] (Reproduced Record (R.R. at 1a-3a.) The purpose of the condemnation was described as "the elimination of blight through redevelopment of the property for residential, commercial, recreational and/or industrial reuse in accordance with the provisions of the [URL]." *Id.* at 2a. The Declaration stated in paragraph 2 that the last known address of Koyukon was **1828 Carlton Drive, Lebanon, PA 17042**. *Id.* at 1a.

On December 28, 2022, the Authority sent by registered mail a Notice of Filing Declaration of Taking (Notice)[3] to Koyukon at its last known mailing address of **P.O. Box 304, Lyndell, Pennsylvania 19354**. *Id.* at 10a. The green return receipt card returned to the Authority by the United States Postal Service (USPS) indicated that service was effectuated on Koyukon on January 11, 2023, and signed for by Brian D. Smith as "Agent." *Id.* at 6a. Pursuant to Section 306(a)(1) of the Code, 26 Pa.C.S. §

---

[2] 26 Pa.C.S. § 302(a)(1).

[3] Section 305(a), (b)(1) of the Code states:

> **(a) Written notice.** -- Within 30 days after the filing of the declaration of taking, the condemnor shall give written notice of the filing to the condemnee, to any mortgagee of record and to any lienholder of record.
>
> **(b) Service. --**
>
> (1) The notice shall be served, within or without this Commonwealth, by any competent adult in the same manner as in a civil action or by registered mail to the last known address of the person being served.

26 Pa.C.S. § 305(a), (b)(1).

306(a)(1),[4] the 30-day filing period for preliminary objections to the Declaration expired on February 10, 2023. It is undisputed that Koyukon did not file preliminary objections within the aforesaid period.

On February 13, 2023, the Authority served Koyukon with a written Offer to Pay Estimated Just Compensation for the taking in accordance with Section 307(a)(1)(i) of the Code.[5] On March 23, 2023, the Authority filed a Petition to Pay Estimated Just Compensation into Court (Petition to Pay Estimated Just Compensation) in accordance with Section 522(a)(1) of the Code.[6] *Id.* at 18a-19a. The Petition to Pay

---

[4] Section 306(a)(1) of the Code provides that "within 30 days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking." 26 Pa.C.S. § 306(a)(1).

[5] Section 307(a)(1)(i) of the Code provides:

> The condemnor, after the expiration of the time for filing preliminary objections by the condemnee to the declaration of taking, **shall be entitled to possession or right of entry upon** payment of or a **written offer to pay to the condemnee the amount of just compensation as estimated by the condemnor**.

26 Pa.C.S. § 307(a)(1)(i) (emphasis added).

[6] Section 522(a)(1) of the Code states, in relevant part:

> **(a) Payment into court —**
> (1) **Upon refusal to accept payment of** damages or of **the estimated just compensation under Section 307** (relating to possession, right of entry and payment of compensation) **or if the party entitled thereto cannot be found or if for any other reason the amount cannot be paid to the party entitled thereto, the court upon petition of the condemnor, which shall include a proposed distribution, may direct payment and costs into court or as the court may direct in full satisfaction.**

26 Pa.C.S. § 522(a)(1) (emphasis added).

Estimated Just Compensation stated that the Property had an estimated value of $315,000, that a written offer for that amount had been served on Koyukon, and that Koyukon had either refused or failed to accept its offer to pay the estimated just compensation. *Id.* at 19a. The Authority asked the trial court for permission to deposit the estimated amount of just compensation in the court in full satisfaction of compensation for the condemnation of the Property. *Id.*

On March 27, 2023, the trial court issued an Order and Rule to Show Cause (Rule) why the Petition to Pay Estimated Just Compensation should not be granted. *Id.* at 20a. It ordered Koyukon to file an Answer to the Petition to Pay Estimated Just Compensation within 20 days of service of the Rule. On April 5, 2023, the Authority served its Petition to Pay Estimated Just Compensation and the trial court's Rule and Order upon Koyukon via first class mail to **P.O. Box 304, Lyndell, PA 19354** (the same address it served the Notice). *Id.* at 24a.

On April 24, 2023, Koyukon filed a timely Answer and New Matter to the Petition to Pay Estimated Just Compensation. *Id.* at 25a-30a. In its Answer, Koyukon challenged the legality of the Declaration on the grounds that the taking was not for a valid government purpose and that there was never service of process on Koyukon at "its last known address" as required by the law to seize real property. *Id.* at 25a. Koyukon also challenged the estimated amount of just compensation, asserting that the Property's true value was $1,200,000, and that the Authority provided no factual basis for the $315,000 estimate. *Id.* at 29a. Koyukon asked the trial court to strike the Authority's Petition to Pay Estimated Just Compensation and order the Authority to reconvey the Property to Koyukon. *Id.* at 30a.

In response, on May 12, 2023, the Authority filed a Motion to Strike Koyukon's Answer, asserting that it was, in effect, a legally impermissible and belated

4

collateral attack on the legality of the Declaration and that because Koyukon failed to include these arguments in preliminary objections filed to the Declaration within 30 days, it waived any challenge to the Declaration under Section 306 of the Code.[7] *Id.* at 34a-40a.

On July 20, 2023, the trial court heard oral argument. On July 24, 2023, it granted the Authority's Motion to Strike Koyukon's Answer and ordered the estimated just compensation be paid into court pursuant to the Authority's proposed distribution schedule. The order states:

> AND NOW, this 24th day of July, 2023, upon consideration of the [Authority's] [] Motion to Strike [Koyukon's] Answer [], the response thereto, and oral argument, it is hereby ORDERED that the [Authority's] Motion to Strike [is] GRANTED. The [Authority] may pay estimated just compensation per the proposed schedule of distribution into court.

*Id.* at 80a.

Koyukon filed a Notice of Appeal from that order to the Pennsylvania Superior Court on August 22, 2023. On October 23, 2023, the Authority filed a Motion to Quash and Transfer with the Superior Court, requesting that the Superior Court (1)

---

[7] Section 306(a)(3) of the Code lists the issues which shall be exclusively raised by preliminary objection, which include:

> (i) The power or right of the condemnor to appropriate the condemned property unless it has been previously adjudicated.
>
> (ii) The sufficiency of the security.
>
> (iii) The declaration of taking.
>
> (iv) Any other procedure followed by the condemnor.

26 Pa.C.S. § 306(a)(3). Section 306(b) of the Code provides: "(b) Waiver — Failure to raise by preliminary objections the issues listed in subsection (a) shall constitute a **waiver**." 26 Pa.C.S. § 306(b) (emphasis added).

quash the appeal because the trial court's July 24, 2023 order is not a final appealable order; and (2) transfer the appeal to this Court pursuant to Pennsylvania Rules of Appellate Procedure (Pa.R.A.P.) 1972(1) and Pa.R.A.P. 741. On November 17, 2023, the Superior Court issued an Order transferring the appeal along with the Motion to Quash, to this Court. On March 13, 2024, this Court entered an order directing that the Motion to Quash shall be listed with the merits of the appeal. On appeal,[8] Koyukon raises one issue:

> Whether the [trial] court erred by denying [Koyukon] its challenge to the jurisdiction of the Court that [it] has lost title where service of process has never been made in accordance with the express requirements of law at 26 P.S. [§] 305(b) for Registered Mail Service "at its last known address" that renders the [trial c]ourt's Order allowing the payment into [c]ourt and the condemnation/taking of property rendered without proper service of process a nullity without due process as matter of law.

(Koyukon's Br. at 4.)

## II.    Discussion

**Motion to Quash**

The Court turns first to the Authority's Motion to Quash because it is dispositive. The Authority argues that the appeal must be quashed because the trial court's July 24, 2023 order granting the Authority's Motion to Strike Koyukon's Answer and permitting the Authority to pay estimated just compensation into court is not a final order. The general rule is that "an appellate court's jurisdiction extends only to review of final orders." *Rae v. Pennsylvania Funeral Directors Association*, 977

---

[8] In an appeal from an eminent domain proceeding, this Court reviews the trial court's record to "determine whether the [trial] court abused its discretion or committed an error of law or whether the findings of fact were supported by substantial evidence." *Szabo v. Department of Transportation*, 202 A.3d 52, 58 (Pa. 2019).

6

A.2d 1121, 1124-25 (Pa. 2009) (citing Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order.")). Final orders include those that (1) "dispose[ ] of all claims and of all parties," (2) are entered as final orders, or (3) are orders defined as final as to petitions under the Post Conviction Relief Act.[9]  Pa.R.A.P. 341(b), (c), (f). A final order terminates the litigation between the parties, disposes of the entire case, or precludes a party from presenting the merits of his or her claim. *Piltzer v. Independence Federal Savings and Loan Association*, 319 A.2d 677 (Pa. 1974); *Kratz v. Board of Commissioners of Upper Gwynedd Township*, 488 A.2d 670 (Pa. Cmwlth. 1985).

Koyukon argues, in response, that the July 24, 2023 order is appealable because it "is . . . a final order taking title to real property," and because the trial court did not have jurisdiction to make any ruling with respect to the Property because Koyukon was "never served at its actual last known address." (Answer to Motion to Quash, ¶¶ 3, 15, at 2, 5.)

### i. Section 522(a)(1) of the Code

To fully understand the appealability of the July 24, 2023 order from which the appeal has been taken, it is important to understand what the order did and did not do. First, the order is not, as Koyukon contends, "a final order taking title to real property." Title passed to the Authority on the date the Declaration was filed. *See* 26 Pa.C.S. § 302(a)(2) (stating that "[t]he title which the condemnor acquires in the property condemned shall pass to the condemnor on the date of the filing"). Rather, the order simply struck Koyukon's Answer and granted the Authority permission to deposit the estimated just compensation into court pursuant to Section 522(a)(1) of the Code. Under that Section, estimated just compensation is constructively paid to the

---

[9] 42 Pa.C.S. §§ 9542-9546.

condemneee by depositing the amount into court prior to the final resolution of damages. The purpose of this Section is to prevent hardship which occurs in many cases when the condemnor takes possession and the condemnee, which is not satisfied with the offer of the condemnor, must give up possession and relocate elsewhere. *See Condemnation in Pittsburgh Fourth Ward*, 60 Pa. D. & C.2d 766 (1972); *Central Bucks School District v. Warwick Township Property*, 45 Pa. D. & C.2d 135 (1968). In *Matter of Condemnation of a Certain Parcel of Land in South Park Township by South Park Township*, 506 A.2d 511, 513 (Pa. Cmwlth. 1986), this Court explained that

> it is the award of the Board of View, when not appealed, **and not the order authorizing payment of just compensation into the court** [under Section 522 of the Code], which constitutes the final judgment in eminent domain cases.

The July 24, 2023 order was simply a provisional order that authorized payment of "estimated" just compensation into the court. It did not terminate the litigation between the parties, dispose of the case, or preclude Koyukon from disputing the amount of compensation. It is interlocutory on its face. Payment by the condemnor of the estimated just compensation into court is "without prejudice to the rights of . . . the condemnee to proceed to a final determination of the just compensation, and any payment made shall be considered only as payments pro tanto of the just compensation as finally determined." 26 Pa.C.S. § 307(c)(1). Under Section 502 of the Code,[10] Koyukon may dispute the amount of compensation by filing a petition for the appointment of viewers to assess the value of the Property. Thus, we conclude that the July 24, 2023 order is not a final order from which an appeal could be taken.[11]

---

[10] 26 Pa.C.S. § 502.

[11] Koyukon does not argue that the July 24, 2023 order is appealable as a collateral order under Pa.R.A.P. 313.

### ii. Appealability Based on Lack of Jurisdiction

Next, to the extent that Koyukon argues that the July 24, 2023 order is appealable because the trial court erred in exercising jurisdiction where there was never service of the process of the Notice by registered mail at Kuyokon's last known address, we must reject that argument as well. Koyukon contends that because the Notice was mailed to the P.O. Box address, the trial court's order on appeal is a legal nullity. The problem with this argument is twofold.

First, Koyukon failed to avail itself of the procedure provided in Section 306(a)(2) of the Code whereby Koyukon could have demonstrated good cause for its late filing and that the Authority was responsible for the delay in filing preliminary objections. Specifically, **Section 306(a)(2) of the Code states that the trial court may upon good cause shown extend the time for filing preliminary objections.** 26 Pa.C.S. § 306(a)(2). That failure resulted in the matter moving forward to the next step in the condemnation proceedings, which was for the Authority to ask the trial court for permission to deposit the estimated just compensation into court pursuant to Section 522 of the Code. The trial court did not lack jurisdiction to entertain that petition or the Authority's Motion to Strike Koyukon's Answer to that Petition.

As noted, in its Answer, most of the arguments raised by Koyukon challenged the validity of the Declaration, with the rest challenging the Authority's determination of the estimated just compensation. However, the Answer was not the proper procedural device to mount challenges to the validity of the taking. Preliminary objections are the exclusive means in a condemnation action in Pennsylvania court for challenging a taking and the transfer of title. 26 Pa.C.S. § 306(a)(3); *W. Whiteland Associates v. Pennsylvania Department of Transportation*, 690 A.2d 1266, 1268 & n.1 (Pa. Cmwlth. 1997). Instead, if in fact Koyukon did not receive the Notice (which it

9

does not allege anywhere in its briefs), the proper course would have been to proceed under Section 306(a)(2) of the Code and file preliminary objections requesting *nunc pro tunc* relief to the Declaration and raise the service issue there. In this regard, the court may consider whether the government is responsible for the delay, for example, due to a defect in service upon the landowner. *Philadelphia Redevelopment Authority of City of Philadelphia v. Atuahene*, 229 A.3d 1002, 1008 (Pa. Cmwlth. 2020) ("a trial court may permit late filing where the condemnee offers good cause and the condemnor is responsible for the delay"); *In re Condemnation of .036 Acres, More or Less, of Land Owned by Wexford Plaza Associates*, 674 A.2d 1204 (Pa. Cmwlth. 1996) (a trial court properly dismissed late-filed preliminary objections where the condemnee offered no good cause for the delay and the condemnor was not responsible therefor); *Appeal of McCoy*, 621 A.2d 1163, 1166 (Pa. Cmwlth. 1993). *See also John H. Auld Brothers Co. v. Township of Hampton* (Pa. Cmwlth., No. 2310 C.D. 2011, filed December 19, 2012) (reviewing denial of condemnee's motion for leave to file preliminary objections *nunc pro tunc* to the declaration of taking); *Appeal of Hill*, 545 A.2d 463 (Pa. Cmwlth. 1988) (upholding dismissal of preliminary objections where condemnee did not petition the trial court for permission to file preliminary objections *nunc pro tunc* nor did he offer any justification in the preliminary objections themselves for the late filing); *Edgewood Building Co., Inc. Appeal*, 402 A.2d 276 (Pa. Cmwlth. 1979) (same). In *Benek v. Pennsylvania Game Commission*, 411 A.2d 267 (Pa. Cmwlth. 1980), we determined that condemnees who file no preliminary objections shall be deemed to have waived any objections to a declaration of taking or to the procedure followed by the condemnor. We stated that the least the condemnees "were required to do was file preliminary objections sometime and, if they were late, state their reasons for late filing. If those reasons established a justification for the delay, the trial court could hear them."

*Id.* at 269.  Thus, by failing to, at least, file late preliminary objections *nunc pro tunc* and state its reasons for late filing, Koyukon, in effect, waived its defenses and objections to the Declaration and allowed the matter to proceed to the next step, which was for the Authority to request permission to deposit the estimated just compensation into the trial court under Section 522 of the Code.[12]

### III.    Conclusion

Under the unique circumstances of this case and because an order merely permitting a condemnor to distribute estimated just compensation into the trial court is not appealable, we will quash the present appeal and remand the matter to the trial court for further proceedings consistent with this opinion.

_____
PATRICIA A. McCULLOUGH, Judge

---

[12] It is also noteworthy that Koyukon has not demonstrated that service at the P.O. Box address had any prejudicial effect whatsoever on its ability to timely respond to the Declaration in accordance with the Code.  Nowhere does Koyukon actually ever argue in either of its briefs that the reason it did not timely file preliminary objections was because the Notice was sent to P.O. Box 304, Lyndell, Pa. 19354.  It does not aver in its briefs that it did not receive the Notice or that the P.O. Box address was not a valid address where it receives mail.  Koyukon also does not argue that Mr. Smith lacked authority to act as its agent to accept registered mail.  In fact, the Rule to Show Cause was also served on Koyukon at P.O. Box 304, Lyndell, PA 19354 and Koyukon timely responded by filing its Answer within 20 days.  (R.R. at 24a.)  In that Answer, Koyukon did not indicate that it did not receive actual notice of the Notice.  It only argued that the Declaration and Notice had different last known addresses, and the Authority did not serve the Notice on the address listed in the Declaration.  Similarly, in its Reply to the Authority's Motion to Strike Koyukon's Answer, Koyukon did not aver that it did not receive the Notice at the P.O. Box address.  See R.R. at 54a-64a.  Now, before this Court, Koyukon seemingly argues that service at the P.O. Box was per se defective (regardless of whether it received it or not) because it was different than the "last known address" set forth in the Declaration.  It suggests that this fact excused it from timely responding to the Notice (again, regardless of whether it received it or not).  However, as noted, the time and place to raise this was in preliminary objections, together with an explanation to the trial court of the reason for its late filing.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation by the          :
Redevelopment Authority of the      :
City of Lancaster of real estate    :
Located at 502-506 West Walnut      :
Street in the City of Lancaster, PA :
                                    :
                                    :   No. 1324 C.D. 2023
                                    :
Appeal of : Koyukon, L.P.           :


## ***ORDER***


AND NOW, this 30th day of October, 2024, the appeal of Koyukon, L.P. is hereby **QUASHED**, and this matter is **REMANDED** to the Court of Common Pleas of Lancaster County for further proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.


_____
PATRICIA A. McCULLOUGH, Judge